1  Margaret A. McLetchie, Esq.
Nevada Bar No. 10931
2  Robert L. Langford, Esq.
Nevada Bar No. 3988
3  LANGFORD MCLETCHIE LLC
616 S. Eighth Street
4  Las Vegas, NV 89101
Telephone: (702) 471-6565
5  Facsimile: (702)471-6540
Email: maggie@nvlitigation.com
6  *Attorneys for Plaintiffs*
7

8

9              **UNITED STATES DISTRICT COURT**

10                **DISTRICT OF NEVADA**

11  BRIAN BALLENTINE, an individual;
CATALINO DAZO, an individual; KELLY
12  PATTERSON, an individual; and GAIL
SACCO, an individual;
13                                                    **Case. No.:**

14

15              Plaintiffs,                         **COMPLAINT**

16         vs.                                       **[JURY TRIAL DEMANDED]**

17

18  LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, in its official capacity;
19  DETECTIVE CHRISTOPHER T. TUCKER,
as an individual and in his official capacity as
20  a Las Vegas Metropolitan Police Department
Detective; SERGEANT MIKE WALLACE,
21  as an individual and in his official capacity as
a Las Vegas Metropolitan Police Department
22  Sergeant; LIEUTENANT JOHN LIBERTY,
as an individual and in his official capacity as
23  a Las Vegas Metropolitan Police Department
Lieutenant,
24

25              Defendants.

26

27

28         COME NOW Plaintiffs BRIAN BALLENTINE, an individual; CATALINO

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

1

1   DAZO, an individual; KELLY PATTERSON, an individual; and GAIL SACCO, an

2   individual, by and through their counsel of record, Robert L. Langford, Esq. and Margaret

3   A. McLetchie, Esq. of the law firm LANGFORD MCLETCHIE LLC, and file this

4   Complaint for damages pursuant to 42 U.S.C. § 1983 (civil action for deprivation of

5   rights), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367(a) (supplemental

6   jurisdiction), and 28 U.S.C. § 2201 (creation of remedy).

7

8                                    **I.  NATURE OF THE ACTION**

9           Plaintiffs have been improperly arrested, cited, and harassed for engaging in free

10  speech.  For example, Plaintiffs have been improperly arrested, cited, and harassed for

11  using water-soluble chalk to write messages that are critical of the Las Vegas Metropolitan

12  Police Department ("LVMPD").  Using water-soluble chalk on public sidewalks is not a

13  crime, but the LVMPD improperly applied Nevada's graffiti statute to Plaintiffs for the

14  purpose of punishing free speech.  In fact, the LVMPD does not arrest, cite, or harass

15  individuals using water-soluble chalk to write messages that are not critical of the LVMPD.

16          This is an action under 42 U.S.C. § 1983 seeking to address: (1)  Defendants

17  LVMPD's, Detective Christopher T. Tucker's, Sergeant ("Sgt.") Mike Wallace's, and

18  Lieutenant ("Lt.") John Liberty's violations of Plaintiffs' rights under the First, Fourth, and

19  Fourteenth Amendments to the U.S. Constitution; and, (2) Defendant LVMPD's unlawful

20  policy and practice of permitting its officers to harass, cite, arrest, and search Plaintiffs for

21  peacefully writing in water-soluble chalk on a public sidewalk, upon which the LVMPD

22  officers had informed them they could write upon, which violated Plaintiffs' constitutional

23  rights to free speech, expression and assembly, rights to be free from unreasonable searches

24  and seizures and unlawful arrests, and substantive and procedural due process rights.

25          This action also seeks to address Plaintiffs' state tort claims against Defendant

26  LVMPD for false imprisonment, negligent training and supervision, and intentional and

27  negligent infliction of emotional distress, and against Defendants Sgt. Wallace and Lt.

28  Liberty for intentional infliction of emotional distress.  This court has supplemental

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

2

jurisdiction over the state law claims.

Plaintiffs seek a permanent injunction and declaratory relief to redress Defendants' clear constitutional violations, Defendants' willful and deliberate violations, and the harm, which is ongoing and irreparable, suffered by Plaintiffs.  Furthermore, Plaintiffs are entitled to damages, costs, and attorney's fees, punitive damages, and any other relief as victims of civil rights violations and as victims of tort damages.

## II. JURISDICTION AND VENUE

1.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 et seq. for civil claims arising under the Constitution and laws of the United States.  Pursuant to § 1331, this Court has original subject matter jurisdiction over Plaintiffs' claims brought under 42 U.S.C. § 1983.

2.      This Court has jurisdiction over claims arising under the laws of the State of Nevada pursuant to supplemental jurisdiction provided for by 28 U.S.C. § 1367(a).

3.      The prayer for relief is predicated on 28 U.S.C. § 2201 and Fed. R. Civ. P. Rule 38.  This Court has jurisdiction to award Plaintiffs damages pursuant to 42 U.S.C. § 1983 and Nev. Rev. Stat. 41.130.  Authorization for the request of attorneys' fees and costs is conferred by 42 U.S.C. § 1988(b).

4.      The Defendants acted, purported to act, and/or pretended to act in the performance of their official duties, and thus the Defendants acted under color of law and are subject to liability as a state actor pursuant to 42 U.S.C. § 1983.

5.      Because Defendants are not the arms of the State this suit is not barred by the Eleventh Amendment to the U.S. Constitution.  *See Eason v. Clark County School*, 303 F.3d 1137, 1147 (9th Cir. 2002); *Culinary Workers Union v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999).

6.      The acts or omissions giving rise to the Plaintiffs' claims all occurred in Clark County, Nevada and all parties reside or operate in Clark County, Nevada.  Thus, pursuant to 28 U.S.C.A. § 1391(b)(2) and 28 U.S.C.A. § 1391(c), venue is proper in the

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 · FAX (702) 471-6540

United States District Court for the District of Nevada.

### III. PARTIES

7.      During all relevant times herein, Plaintiff Brian Ballentine was, and is, a United States citizen, who resides in Clark County, Nevada.

8.      During all relevant times herein, Plaintiff Catalino Dazo, was, and is, a United States citizen, who resides in Clark County, Nevada.

9.      During all relevant times herein, Plaintiff Kelly Patterson was, and is, a United States citizen, who resides in Clark County, Nevada.

10.     Plaintiffs Ballentine, Dazo, and Patterson are referred to herein as the "Sidewalk Chalker Plaintiffs."

11.     During all relevant times herein, Plaintiff Gail Sacco was, and is, a United States citizen, who resides in Clark County, Nevada.

12.     Defendant LVMPD is the law enforcement agency for Clark County and the City of Las Vegas.  Defendant LVMPD is sued in its official capacity.

13.     Upon information and belief, Defendant LVMPD has engaged and engages in a policy and practice of deliberate indifference to the constitutional rights of individual engaging in peaceful protests.

14.     Upon information and belief, Defendant LVMPD is aware of and has either explicitly or implicitly condoned or created a policy and practice of allowing LVMPD Officers to enforce Nev. Rev. Stat. 206.330 arbitrarily and/or intentionally to chill free speech critical of LVMPD.

15.     Nev. Rev. Stat. 206.330 does not criminalize the use of water-soluble chalk to write messages on public sidewalks.

16.     Upon information and belief, Defendant LVMPD has a policy and practice of allowing its officers to violate the law with impunity and has created or failed to address a culture at the LVMPD that its officers are above the law.

17.     Upon information and belief, Defendant LVMPD has failed to adequately

LANGFORD McLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

4

train LVMPD officers to refrain from engaging in police misconduct, abusing their position of power and engaging in illegal detentions.

18.     Defendant Detective Christopher T. Tucker is a Detective at LVMPD (hereinafter "Detective Tucker").

19.     Upon information and belief, Defendant Detective Tucker violated the Sidewalk Chalker Plaintiffs' First, Fourth, and Fourteenth Amendment rights by questioning Plaintiff Ballentine while he chalked on July 18, 2013 and by issuing arrest warrants on July 26, 2013 charging Plaintiffs Balletine, Dazo, and Patterson of violating NRS 206.330(1)(b).

20.     Defendant Sgt. Mike Wallace is a Sergeant at LVMPD (hereinafter "Sgt." Wallace").

21.     Upon information and belief, Defendant Sgt. Wallace violated Sidewalk Chalker Plaintiffs' First, Fourth, and Fourteenth Amendment rights by detaining Sidewalk Chalker Plaintiffs for forty-five (45) minutes and citing Plaintiffs Ballentine and Patterson on June 8, 2013 for writing in chalk on a public sidewalk.

22.     Lt. John Liberty is a Lieutenant at LVMPD (hereinafter "Lieutenant Liberty").

23.     Upon information and belief, Defendant Lt. Liberty violated Sidewalk Chalker Plaintiffs' First, Fourth and Fourteenth Amendment rights by threatening to prosecute them for writing in chalk on a public sidewalk while the Sidewalk Chalker Plaintiffs while detaining them for forty-five minutes on June 8, 2013.

24.     The naming of defendants herein is based upon information and belief. Plaintiffs reserve their rights to name additional defendants and to modify their allegations concerning defendant named herein.

## IV.  STANDING

25.     Plaintiffs were and continue to be directly affected by Defendants' practices and policies of violating the constitutional rights of persons based upon their

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 · FAX (702) 471-6540

exercise of constitutional rights, as set forth more fully herein, and/or other abuses by Defendants operating under color of law as alleged herein.

26.    An actual case and controversy exists between Plaintiffs and Defendants concerning their respective rights, privileges, and obligations.

## V. FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

### The Sunset Activist Collective

27.    Plaintiffs Ballentine, Dazo, and Patterson are members of a group known as the "Sunset Activist Collective." Plaintiffs "chalk", meaning that they write messages in water-soluble chalk on public sidewalks as a way of expressing themselves and, as a way of demonstrating their artistic backgrounds.

28.    Plaintiff Sacco is not a member of the Sunset Activist Collective, but is a civil rights activist and has been a long-time supporter of the Sunset Activist Collective.

29.    All Plaintiffs have, and continue to, peacefully protest the practices of Defendant LVMPD.

### Chalking Protests Without Incident: 2011-2013

30.    On October 1, 2011, in response to the arrest of eight people in Manchester, New Hampshire for chalking in protest of police department practices, a protest involving the use of chalk was staged at UNLV police station on Maryland Parkway and Harmon. This event was part of the National Chalk the Police Day. The protesters involved in the demonstration had no direct interaction or confrontation with police. Plaintiff Patterson was present at this protest.

31.    A year later, on September 30, 2012, during the second annual National Chalk the Police Day, approximately ten people participated in a protest involving chalking on the public sidewalks in front of LVMPD headquarters on Martin Luther King drive. The protesters had no direct interaction, or any sort of confrontation, with police. Plaintiffs Ballentine, Dazo, and Patterson were present at this protest.

32.    On October 22, 2012, during the International Day of Action Against

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

Police Brutality, approximately eight people participated in a protest involving the use of chalk at the Regional Justice Center. At that time, three protesters, including Plaintiffs Ballentine and Dazo, were detained by LVMPD Police. Plaintiff Patterson was present at the protest. On this occasion, LVMPD officers informed Plaintifs Ballentine and Dazo that it was legal to draw in chalk on the sidewalk, but that they could not draw on a building or any steps leading to a building. Plaintiffs Ballentine and Dazo stopped chalking that day.

33.     After October 22, 2012, the Sidewalk Chalker Plaintiffs followed LVMPD officers' instructions at subsequent protests by only chalking on sidewalks, not on walls or steps.

34.     On November 23, 2012, during Black Friday demonstrations, approximately 20 people participated in a protest involving the use of chalk at the Wal-Mart located at Eastern and 215. Several members of the Sunset Activist Collective were present, including Plaintiffs Patterson and Ballentine. The individuals present during these protests wrote messages with chalk on the sidewalks outside the parking lot of the Wal-Mart. On this occasion, the protesters involved in the demonstration were prevented from walking across the parking lot by an LVMPD officer.

35.     On December 6, 2012, on a Thursday before the First Friday art festival, several members of the Sunset Activist Collective, including Plaintiffs Ballentine and Patterson, participated in a protest involving the use of chalk at Charleston Road and Main Street. At that time, the protesters involved in the demonstration had no direct interaction, or any sort of confrontation, with police.

36.     On January 19, 2013, during a demonstration named Chalk Back, approximately fifteen people, including Plaintiffs Ballentine and Patterson, participated in a protest involving the use of chalk at the Clark County Government Center, located at 500 S. Grand Central Parkway. The individuals present wrote messages in chalk on the sidewalk outside the Clark County Government Center, and then decided to walk to LVMPD Headquarters to protest by writing messages in chalk on the sidewalk.

37.     On January 19, 2013 at the Chalk Back protest, the protesters were

LANGFORD McLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 · FAX (702) 471-6540

walking toward LVMPD Headquarters, an LVMPD officer stopped his car and asked where the individuals were heading, informed the group to be sure to follow all traffic laws, and then took no further action.

38.     On March 9, 2013, during a demonstration named Community Feedback, approximately twenty people, including Plaintiffs Ballentine and Patterson, participated in a protest involving sign-waving and the use of chalk at the LVMPD Headquarters.

39.     On March 9, 2013, the protesters involved in the Community Feedback demonstration had no direct interaction, or any sort of confrontation, with police.

40.     On April 13, 2013, during a demonstration named Second Saturday, approximately twelve people, including Plaintiffs Ballentine, Dazo, and Patterson, participated in a protest involving sign-waving and the use of chalk.

41.     On April 13, 2013, the protesters involved in the Second Saturday demonstration, including Plaintiffs Ballentine, Patterson, and Dazo had no direct interaction, or any sort of confrontation, with police.

## Beginning of Harassment By LVMPD

### *May Day*

42.     On May 1, 2013, during a demonstration for the annual May Day march, a number of people were protesting at the Lloyd D. George U.S. Courthouse, located at 333 Las Vegas Boulevard ("Blvd.") South, Las Vegas, Nevada 89101.  While members of the Sunset Activist Collective, including Plaintiffs Ballentine, Dazo, and Patterson, were crossing Las Vegas Blvd., a LVMPD officer approached Ballentine in a menacing and hostile manner.  While in the middle of the street, as Ballentine was walking across in a permitted area to cross, the same LVMPD officer shouted in Ballentine's face to stop crossing the street, even though Ballentine explained he wanted to cross the street to leave the demonstration and was trying to legally cross the street.  Upon information and belief, the officer had no reason to tell Ballentine to stop crossing the street other than to harass him.  Plaintiff Patterson witnessed the LVMPD officer harassing Ballentine.  At that time, the protesters involved in the demonstration had no further direct interaction, or any sort of

LANGFORD McLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

1   confrontation, with police.   The name of this LVMPD officer is presently unknown to

2   Plaintiffs.

3          43.   On   May   11,   2013,   during   a   Second   Saturday   demonstration,

4   approximately 10 people, including Plaintiffs Ballentine, Dazo, and Patterson, participated

5   in a protest involving sign-waving and the use of chalk.

6          44.   At that time, the protesters involved in the demonstration had no direct

7   interaction, or any sort of confrontation, with police.

8   ### *First Citation for Chalking – June 8, 2013*

9          45.   On June 8, 2013, during a Second Saturday demonstration, the Sidewalk

10   Chalker Plaintiffs participated in a protest involving sign-waving and the use of chalk at the

11   LVMPD Headquarters.

12          46.   At that time, Defendant Sgt. Wallace approached the Sidewalk Chalker

13   Plaintiffs and claimed that writing with chalk on the sidewalk constituted graffiti, for which

14   Defendant Sgt. Wallace was going to issue citations to Sidewalk Chalker Plaintiffs.

15          47.   During the June 8, 2013 Second Saturday demonstration, Defendant Sgt.

16   Wallace detained the Sidewalk Chalker Plaintiffs on the sidewalk for approximately forty-

17   five (45) minutes.

18          48.   Shortly thereafter, Detective Matchko of the Gang Unit came outside

19   from the LVMPD Headquarters, and Defendant Sgt. Wallace's supervisor, Defendant Lt.

20   Liberty arrived.   Defendant Lt. Liberty informed the Sidewalk Chalker Plaintiffs that he

21   contacted a District Attorney and a Judge about whether writing with chalk was illegal.

22   Defendant Lt. Liberty further informed the Sidewalk Chalker Plaintiffs that the Las Vegas

23   City Manager wanted to prosecute the case because the City Manager was responsible for

24   cleaning up the sidewalk chalk.

25          49.   On June 8, 2013, Defendant Sgt. Wallace issued Sidewalk Chalker

26   Plaintiffs citations (Citation Numbers 1-04607714, 1-04607715, and 1-04607716) for

27   "placing graffiti" and for "writ[ing] with chalk on public sidewalk" at LVMPD

28   Headquarters.

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

50.     The citations written on June 8, 2013 have not been prosecuted.

### *July 13, 2013 Chalking at LVMPD Headquarters*

51.     On July 13, 2013, at approximately 7:50 P.M., Plaintiffs Ballentine and Patterson were participating in a protest and chalking at LVMPD Headquarters.

52.     Upon information and belief, at this time, LMVPD was investigating the Sidewalk Chalker Plaintiffs' planned demonstrations, which included the planned use of sidewalk chalk, which LVMPD had labeled a "criminal activit[y]."

53.     In the Declaration of Warrants for Ballentine and Patterson prepared by Defendant Detective Tucker, LVMPD alleged that Ballentine's and Patterson's use of water-soluble chalk on July 13, 2013 at LVMPD Headquarters caused between $250.00 and $5,000.00 worth of damage to the sidewalks.  Defendant Detective Tucker issued arrest warrants for Plaintiffs Ballentine and Patterson because of the chalking on July 13, 2013 and July 18, 2013, as detailed below.

54.     Although Plaintiffs Ballentine and Patterson were using water-soluble chalk, the LVMPD called the City of Las Vegas' Graffiti Abatement Team, which resulted in a cost of $300.00 to clean up the water-soluble chalk.  This cost was unnecessary because the chalk was water-soluble and, upon information and belief, was incurred for the purpose of heightening criminal penalties.

55.     According to page two of LVMPD's Declaration of Warrant for Ballentine prepared by Defendant Detective Tucker, around this time, LVMPD began monitoring social media sites to track Plaintiffs' activities.  LVMPD was aware that the Sunset Activist Collective was planning a demonstration at the RJC on July 18, 2013, at approximately 11:00 AM.

56.     According to page two of LVMPD's Declaration of Warrant for Ballentine prepared by Defendant Detective Tucker, prior to the planned July 18, 2013 demonstration at the Regional Justice Center ("RJC"), LVMPD coordinated and initiated an "event" in reference to the planned July 18, 2013, demonstration at the RJC.

///

10

1

### *July 18, 2013 Chalking at the Regional Justice Center*

2

    57.  On July 18, 2013 at approximately 11:00 AM, the Sidewalk Chalker

3

Plaintiffs placed messages in water-soluble chalk on the public sidewalks in front of the

4

Regional Justice Center ("RJC").  All of the Plaintiffs were present.  Plaintiff Sacco was

5

present, but stayed in the car during the demonstration because she was too intimidated by

6

the strong police presence to get out of the car.

7

    58.  LVMPD Officers watched as Sidewalk Chalker Plaintiffs, and some other

8

individuals, wrote messages in water-soluble chalk on the sidewalk for about an hour.

9

LVMPD officers never told Sidewalk Chalker Plaintiffs to stop writing in chalk.

10

    59. The Sidewalk Chalker Plaintiffs, while in front of the RJC on July 18, 2013,

11

were chalking on the sidewalks, an area they were previously expressly given authority to

12

protest by LVMPD on October 22, 2012.

13

    60.  In the Declaration of Warrants for Ballentine, Patterson, and Dazo prepared

14

by Defendant Tucker, LVMPD subsequently alleged that the Sidewalk Chalker Plaintiffs'

15

use of water-soluble chalk on July 18, 2013 at the RJC caused between $250.00 and

16

$5,000.00 worth of damage to the sidewalks.  Although the Sidewalk Chalker Plaintiffs

17

were using water-soluble chalk, the LVMPD called the City of Las Vegas' Graffiti

18

Abatement Team, which resulted in a cost of $1,250.00 to clean-up the water-soluble

19

chalk.  This cost was unnecessary because the chalk was water-soluble and, upon

20

information and belief, was incurred for the purpose of heightening criminal penalties.

21

### *Arrest on August 10, 2013*

22

    61.  On August 10, 2013, the Sidewalk Chalker Plaintiffs were charged with

23

gross misdemeanors for alleged violations of Nev. Rev. Stat. 206.330 and conspiracy to

24

commit a crime in violation of Nev. Rev. Stat. 193.050.

25

    62.  On August 10, 2013, Plaintiffs Ballentine and Patterson were arrested

26

while they were walking to LVMPD's headquarters to chalk.

27

    63.  Defendant LVMPD claimed that The Sidewalk Chalker Plaintiffs

28

allegedly wrote "derogatory statements" in chalk on the sidewalk outside of the RJC.

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA  89101
(702) 471-6565 · FAX (702) 471-6540

64.     Plaintiff Ballentine spent three days in the Clark County Detention Center, where he was denied his medications and suffered from anxiety.

65.     Plaintiff Patterson spent four days in the Clark County Detention Center, where he was denied to make a PIN to call his attorney.

66.     Upon information and belief, Defendant LVMPD did not at all relevant times, and still does not have, appropriate mechanisms, training, supervision, and/or policies to avoid harms such as those suffered by Plaintiffs and to ensure that officers do not engage in wrongdoing.

67.     Upon information and belief, Defendant Sgt. Wallace's practice of issuing citations to the Sidewalk Chalker Plaintiffs on June 8, 2013 and Defendant LVMPD's arresting the Sidewalk Chalker Plaintiffs on August 10, 2013 was designed to chill future speech.

68.     Upon information and belief, Defendant LVMPD wanted to chill future speech, as evidenced by Defendant LVMPD's strong presence at the Plaintiffs' protests and harassment of Plaintiffs at their peaceful protests.

## *Differential Treatment of Protest Chalking*

69.     Upon information and belief, where water-soluble chalk is used by children or for purposes other than protesting LVMPD's practices, Defendant LVMPD does not harass, cite, or arrest people under Nev. Rev. Stat. 206.330 for drawing in chalk on public property.

## *Continued Harassment by LVMPD*

70.     LVMPD and its officers continue to harass Plaintiffs Ballentine and Patterson for chalking.  Plaintiff Dazo no longer chalks.

///

///

///

///

///

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 · FAX (702) 471-6540

12

# VI.  CAUSES OF ACTION

## FIRST CAUSE OF ACTION: RIGHT TO FREE SPEECH AND EXPRESSION
### VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
### TO THE CONSTITUTION OF THE UNITED STATES
### PURSUANT TO 42 U.S.C. § 1983
### (BY SIDEWALK CHALKER PLAINTIFFS AGAINST ALL DEFENDANTS)

71.     Plaintiffs incorporate paragraphs 1 through 70 of this Complaint as if fully set forth in this section.

72.     Defendants acted under color of law, and their actions violated Plaintiffs' rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments of the U.S. Constitution.

73.     The Defendants' actions of harassing, citing, and detaining the Sidewalk Chalker Plaintiffs violated their rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments of the U.S. Constitution.

74.     Defendant LVMPD's actions of arresting Plaintiffs Ballentine and Patterson also violated their rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments of the U.S. Constitution.

75.     Nev. Rev. Stat. 206.330 does not criminalize the use of water-soluble chalk on public sidewalks.

76.     Defendant Sgt. Wallace's actions of detaining the Sidewalk Chalker Plaintiffs for forty-five (45) minutes and issuing citations to Sidewalk Chalker Plaintiffs for chalking on June 8, 2013 violated the Sidewalk Chalker Plaintiffs' rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments of the U.S. Constitution.

77.     Defendant Lt. Liberty's action of harassing the Sidewalk Chalker Plaintiffs on June 8, 2013 by telling them that the Las Vegas City Manager wanted to prosecute them for writing in water-soluble chalk on a public sidewalk violated the Sidewalk Chalker Plaintiffs' rights to freedom of speech and expression as guaranteed by

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

the First and Fourteenth Amendments to the U.S. Constitution.

78.     Defendant Detective Tucker's action of issuing arrest warrants for Sidewalk Chalker Plaintiffs for writing in water-soluble chalk on June 8, 2013, July 13, 2013, and July 18, 2013 violated Sidewalk Chalker Plaintiffs rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments of the U.S. Constitution.

79.     Defendant LVMPD is liable for its employees' actions because at all relevant times it was responsible for making and enforcing policies with respect to LVMPD officer interactions with citizens and ensuring that officers uniformly enforce laws and do not harass, cite, and arrest persons exercising their constitutional rights.

80.     Further, Defendant LVMPD failed to make and enforce constitutional policies with respect to LVMPD officers' interactions with citizens.  Defendant LVMPD failed to do so by harassing, citing, and arresting the Sidewalk Chalker Plaintiffs because of the content of their messages.  Defendant's actions were not narrowly tailored to fulfill a compelling government interest.  Therefore, Defendant's policies and actions violated the First and Fourteenth Amendments.

81.     As a direct and proximate result of Defendants' violations of the First and Fourteenth Amendments, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof.  In addition, Plaintiffs, as a direct and proximate result of the Defendants' actions, have sustained and continue to sustain depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred substantial medical-related expenses; and are prevented from transacting in their usual business and enjoyment.

82.     Plaintiffs are entitled to monetary, compensatory, and punitive damages from Defendants.

83.     It has been necessary for Plaintiffs to retain the services of attorneys to pursue this matter and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment interest herein.

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 · FAX (702) 471-6540

84.     Further, Plaintiffs are entitled to declaratory and injunctive relief.

**SECOND CAUSE OF ACTION: RIGHT TO FREE SPEECH AND EXPRESSION**
VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(BY ALL PLAINTIFFS AGAINST DEFENDANT LVMPD FOR CHILLING FREE SPEECH AND
EXPRESSION)

85.     Plaintiffs incorporate paragraphs 1 through 84 of this Complaint as fully set forth in this section.

86.     Defendants acted under the color of law, and their actions violated Plaintiff's rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution.

87.     Defendant LVMPD's actions of harassing, citing and arresting citizens engaged in peaceful protests regarding LVMPD's practices improperly restrained and chilled Plaintiffs' right to free speech and expression as guaranteed by the First and Fourteenth Amendments of the U.S. Constitution.

88.     Defendant LVMPD is liable because at all relevant times Defendant LVMPD was responsible for making and enforcing policies with respect to officer interactions with citizens and ensuring that officers were aware of relevant law with respect to free speech and expression, and Defendant LVMPD failed to do so by permitting its officers to regulate, harass, cite, and arrest citizens for peacefully drawing in chalk on the public sidewalk.

89.     Plaintiffs intend and continue to write in water-soluble sidewalk chalk on public sidewalks to engage in peaceful demonstrations in the future.  Plaintiffs write in chalk because they believe it is the most effective way of expressing their messages and because they can demonstrate their backgrounds in art.

90.     Based upon previous harassment, citations, and prosecution for using sidewalk chalk, Plaintiffs fear that if they engage in peaceful demonstrations using sidewalk chalk, they will be prosecuted.  Plaintiff Sacco is too scared to chalk, out of a

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

reasonable fear for being arrested while chalking.  Plaintiffs Ballentine and Patterson still chalk, but are subjected to harassment by Defendant LVMPD for chalking.

91.    Defendants' actions of harassing, citing, and detaining the Sidewalk Chalker Plaintiffs have restricted, chilled, and inhibited the speech of Plaintiffs and other non-party individuals.  Plaintiffs' protests are less effective because so many people no longer peacefully protest because they are afraid of being harassed, cited, or arrested by LVMPD.

92.    Defendant LVMPD has no compelling state interest in restricting, chilling, and deterring the content and viewpoint of lawful protected speech.

93.    As a direct and proximate result of Defendants' violations of the First and Fourteenth Amendments, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof.  In addition, Plaintiffs, as a direct and proximate result of the Defendants' actions, have sustained and continue to sustain depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred substantial medical-related expenses; and are prevented from transacting in their usual business and enjoyment.

94.    Plaintiffs are entitled to monetary, compensatory, and punitive damages from Defendants.

95.    It has been necessary for Plaintiffs to retain the services of attorneys to pursue this matter and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment interest herein.

96.    Further, Plaintiffs are entitled to declaratory and injunctive relief.

### THIRD CAUSE OF ACTION: RIGHT TO ASSEMBLY
#### VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
#### TO THE CONSTITUTION OF THE UNITED STATES
#### PURSUANT TO 42 U.S.C. § 1983
#### (BY SIDEWALK CHALKER PLAINTIFFS AGAINST ALL DEFENDANTS)

97.    Plaintiffs incorporate paragraphs 1 through 96 of this Complaint as if fully

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

set forth in this section.

98.     Defendants acted under the color of law, and violated Plaintiffs' rights to assembly, as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution. Defendants investigated, harassed, cited and arrested Plaintiffs for assembling in a group and writing in water-soluble chalk in a public forum.

99.     Defendants Sgt. Wallace's and Lt. Liberty's actions of detaining Sidewalk Chalker Plaintiffs on June 8, 2013 for forty-five (45) minutes violated Sidewalk Chalker Plaintiffs' rights to assembly,  as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution.

100.     Defendant Sgt. Wallace's action of citing Sidewalk Chalker Plaintiffs for writing in water-soluble chalk on June 8, 2013 violated Sidewalk Chalker Plaintiffs' rights to assembly, as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution.

101.     Defendant Detective Tucker's action of issuing arrest warrants for Sidewalk Chalker Plaintiffs for writing in water-soluble chalk on a public sidewalk in a group violated their rights to assembly, as guaranteed by the First and Fourteenth Amendments to the U.S.

102.     Defendant LVMPD is liable because at all relevant times LVMPD was responsible for making and enforcing policies with respect to the right to assembly guaranteed by the First and Fourteenth Amendments, and Defendant failed to do so by detaining Sidewalk Chalker Plaintiffs at their protests and citing Plaintiffs for assembling together for a peaceful protest.

103.     As a direct and proximate result of Defendants' violations of the First and Fourteenth Amendments, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof.  In addition, Plaintiffs, as a direct and proximate result of the Defendants' actions, have sustained and continue to sustain depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred substantial medical-related expenses; and are prevented from transacting in their usual

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA  89101
(702) 471-6565 · FAX (702) 471-6540

business and enjoyment.

104.    Plaintiffs are entitled to monetary, compensatory, and punitive damages from Defendant, and each of them.

105.    It has been necessary for Plaintiffs to retain the services of attorneys to pursue this matter and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment interest herein.

106.    Further, Plaintiffs are entitled to declaratory and injunctive relief.

### FOURTH CAUSE OF ACTION: EQUAL PROTECTION

VIOLATION OF THE FOURTEENTH AMENDMENT
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(EQUAL PROTECTION)
(BY SIDEWALK CHALKER PLAINTIFFS AGAINST ALL DEFENDANTS)

107.    Plaintiffs incorporate paragraphs 1 through 106 of this Complaint as if fully set forth in this section.

108.    Throughout all relevant times herein, Defendants acted, purported to act, and/or pretended to act in their official duties.

109.    Defendant Sgt. Wallace's actions of detaining Sidewalk Chalker Plaintiffs for forty-five minutes and citing them for writing on a public sidewalk in water-soluble chalk on June 8, 2013 violated their rights to equal protection because he does not detain and cite other individuals, such as children, for writing on public sidewalks in water-soluble chalk.

110.    Defendant Lt. Liberty's action of detaining Sidewalk Chalker Plaintiffs on June 8, 2013 and telling them that they will be prosecuted for writing in water-soluble chalk violated their rights to equal protection because Lt. Liberty does not threaten to prosecute other other individuals, such as children, for writing on public sidewalks in water- soluble chalk.

111.    Defendant Detective Tucker's action of issuing arrest warrants for Sidewalk Chalker Plaintiffs violated their rights to equal protection because he does not

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

investigate and issue arrest warrants for individuals, such as children, for writing on public sidewalks in water-soluble chalk.

112.   Defendants' conduct deprived Plaintiffs of their fundamental rights secured by the Fourteenth Amendment, including their rights to freedom of speech and expression, assembly, unreasonable search and seizure, and to equal protection of the laws.

113.   Defendants singled out the Sidewalk Chalker Plaintiffs, enforcing Nev. Rev. Stat. 206.330 against them for using water-soluble chalk on sidewalks, while allowing other individuals to use water-soluble chalk on sidewalks.

114.   Defendants' differential enforcement of Nev. Rev. Stat. 206.330 was not rationally related to any legitimate interest because the chalk was water-soluble and thus would be easy to clean up, the Plaintiffs were instructed to chalk on sidewalks on October 22, 2012, and the Plaintiffs engaged in chalking in a peaceful manner.  Further, LVMPD watched during many protests where Plaintiffs chalked and did not instruct them to not chalk, which shows that there was no policy against chalking on the sidewalk and the chalking did not pose an imminent threat.

115.   Defendants' differential enforcement of Nev. Rev. Stat. 206.330 was based on the content of their speech which violated Sidewalk Chalker Plaintiffs' rights to freedom of speech and expression and assembly because the enforcement was not necessary to serve a compelling government interest.

116.   Defendant LVMPD is liable because at all relevant times LVMPD was responsible for making and enforcing policies with respect to the Equal Protection Clause, and Defendant failed to do so by detaining Sidewalk Chalker Plaintiffs at their protests and citing and arresting Plaintiffs for assembling together for a peaceful protest.

117.   As a direct and proximate result of Defendants' violations of the Equal Protection Clause, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof.  In addition, Plaintiffs, as a direct and proximate result of the Defendants' actions, have sustained and continue to sustain depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred

LANGFORD McLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

substantial medical-related expenses; and are prevented from transacting in their usual business and enjoyment.

118.   Plaintiffs are entitled to monetary, compensatory, and punitive damages from Defendants, and each of them.

119.   It has been necessary for Plaintiffs to retain the services of attorneys to pursue this matter and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment interest herein.

120.   Further, Plaintiffs are entitled to declaratory and injunctive relief.

### FIFTH CAUSE OF ACTION: UNREASONABLE SEARCH AND SEIZURE
VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE)
(BY SIDEWALK CHALKER PLAINTIFFS AGAINST ALL DEFENDANTS)

121.   Plaintiffs incorporate paragraphs 1 through 120 of this Complaint as if fully set forth in this section.

122.   Defendants acted under color of law, and violated Plaintiffs' Rights to be Free from Unreasonable Searches and Seizures as guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution.  On June 8, 2013, Defendants Sgt. Wallace and Lt. Liberty detained Sidewalk Chalker Plaintiffs for forty-five (45) minutes, thereby unreasonably searching and seizing them.   Defendants Sgt. Wallace and Lt. Liberty detained the Sidewalk Chalker Plaintiffs' chalk yet, upon belief and information, would not detain children for writing in water-soluble chalk on a public sidewalk.

123.   Defendant Detective Tucker violated Sidewalk Chalker Plaintiffs' rights to be free from unreasonable searches and seizures by issuing arrest warrants lacking probable cause, thereby violating their rights to be free from unreasonable searches and seizures.

124.   On August 10, 2013, Defendant LVMPD's officers arrested Sidewalk Chalker Plaintiffs without probable cause, violating their rights to be free from unreasonable searches and seizures.

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 · FAX (702) 471-6540

20

125.   Defendant LVMPD is liable because at all relevant times it was responsible for making and enforcing policies to ensure searches and seizures were conducted within the parameters of the law, and Defendant LVMPD failed to do so.

126.   As a direct and proximate result of Defendants' violations of the Fourth and Fourteenth Amendment, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof.  In addition, Plaintiffs, as a direct and proximate result of the Defendants' actions, have sustained and continue to sustain depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred substantial medical-related expenses; and are prevented from transacting in their usual business and enjoyment.

127.   Plaintiffs are entitled to monetary, compensatory, and punitive damages from Defendants.

128.   It has been necessary for Plaintiffs to retain the services of attorneys to pursue this matter and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment interest herein.

129.   Further, Plaintiffs are entitled to declaratory and injunctive relief.

**SIXTH CAUSE OF ACTION: SUBSTANTIVE DUE PROCESS**
VIOLATION OF THE FOURTEENTH AMENDMENT
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(SUBSTANTIVE DUE PROCESS)
(BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

130.   Plaintiffs incorporate paragraphs 1 through 129 of this Complaint as if fully set forth in this section.

131.   Defendants acted under the color of law, and violated Plaintiffs' substantive due process rights to liberty and free movement as guaranteed by the Fourteenth Amendment of the U.S. Constitution.  Defendants' detention of Plaintiffs violated their rights to liberty and freedom of movement, locomotion, free expression, assembly, and to reasonable search and seizure.  Defendants engaged in egregious conduct

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

by harassing, detaining and citing Sidewalk Chalker Plaintiffs for peacefully chalking on a sidewalk, which LVMPD officers had seen them do so many times without making any comments to Plaintiffs. Defendants' actions "shocked the conscience" because, upon information and belief, Nevada citizens were outraged about the arrest of Sidewalk Chalker Plaintiffs.

132.   Defendant LVMPD is liable because at all relevant times it was responsible for making and enforcing policies ensuring that Defendant Metro Officers do not violate the substantive due process rights of individuals. Defendant failed to do so by permitting LVMPD officers to harass, cite and arrest Sidewalk Chalker Plaintiffs.

133.   Plaintiffs do not know, and cannot reasonably determine, when the use of chalk on a public sidewalk will be permissible, and when the use of chalk on a public sidewalk will be illegal "graffiti."

134.   The standards upon which Defendants' actions are based are impermissibly vague and allow for the exercise of unconstitutional unfettered discretion by Defendant.

135.   As a direct and proximate result of Defendants' violations of Plaintiffs' substantive due process rights, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof. In addition, Plaintiffs as a direct and proximate result of the Defendants' actions have sustained and continue to sustain depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred substantial medical-related expenses; and are prevented from transacting in their usual business and enjoyment.

136.   Plaintiffs are entitled to monetary, compensatory, and punitive damages from Defendant.

137.   It has been necessary for Plaintiffs to retain the services of attorneys to pursue this matter and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment interest herein.

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 · FAX (702) 471-6540

**SEVENTH CAUSE OF ACTION: UNLAWFUL DETENTION**

VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
TO THE CONSTITUTION OF THE UNITED STATES
UNDER 42 U.S.C. § 1983
RIGHT TO BE FREE FROM UNLAWFUL DETENTION
(BY SIDEWALK CHALKER PLAINTIFFS AGAINST DEFENDANTS LVMPD, SGT. WALLACE, AND
LT. LIBERTY)

138.     Plaintiffs incorporate paragraphs 1 through 137 of this Complaint as if fully set forth in this section.

139.     Defendant LVMPD acted under the color of law, and violated Plaintiffs' rights to be free from false imprisonment as guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution.  Defendant LVMPD seized and subsequently detained Plaintiffs for several hours claiming legal authority to do so, thus violating Plaintiffs' rights to be free from unlawful detention as guaranteed by the Fourth and Fourteenth Amendments of the U.S. Constitution.

140.     Defendants Sgt. Wallace and Lt. Liberty violated Sidewalk Chalker Plaintiffs' rights to be free from unlawful detention by detaining Sidewalk Chalker Plaintiffs for forty-five (45) minutes on June 8, 2013 for writing in water-soluble chalk on a public sidewalk.

141.     Defendant LVMPD is liable because it is responsible for making and enforcing policies with respect to the actions of LVMPD officers and for making them aware of their authority to seize and detain individuals, and Defendant failed to do so by allowing its officers to detain the Sidewalk Chalker Plaintiffs without probable cause.

142.     As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof.  In addition, Plaintiffs, as a direct and proximate result of the Defendants' conduct, have sustained and continue to sustain depression, anxiety, and severe mental or physical pain and/or anguish of mind; incurred substantial medical-related expenses, and Plaintiffs are prevented from transacting in their usual business and enjoyment.

143.     At all relevant times herein, the Sidewalk Chalker Plaintiffs were

1    conscious of the Defendants' unlawful detention and/or confinement of them.

2        144.    It has been necessary for Plaintiffs to retain the services of attorneys to

3    pursue this matter and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment

4    interest herein.

### EIGHTH CAUSE OF ACTION
VIOLATION OF THE FOURTEENTH AMENDMENT
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(PROCEDURAL DUE PROCESS)
(BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

9        145.    Plaintiffs incorporate paragraphs 144 of this Complaint as if fully set forth

10   in this section.

11       146.    Defendants acted under the color of the law, and violated Plaintiffs' rights

12   to be free from deprivation of their rights under the U.S. Constitution without due process

13   of law.   Defendants infringed upon Plaintiffs' interests in moving freely on the public

14   forum sidewalks by harassing, citing and detaining Plaintiffs for use of the sidewalks,

15   which they were instructed to write upon on October 22, 2012 by LVMPD officers.   In

16   doing so, Defendants deprived Plaintiffs of their procedural due process rights ensured by

17   the Fourteenth Amendment to the U.S. Constitution.

18       147.    Defendant LVMPD's policy and practice of harassing, citing and

19   detaining Plaintiffs for peacefully writing in water-soluble chalk on public sidewalks risks

20   and causes wrongful deprivation of Plaintiffs' liberty interests in using public sidewalks in

21   Nevada.

22       148.    Defendant LVMPD is liable because at all relevant times, Defendant

23   LVMPD was responsible for making and enforcing policies with respect to citing and

24   detaining citizens in accordance with the constitution, and Defendant LVMPD failed to

25   make and enforce such constitutional policies by allowing Defendant LVMPD officers to

26   harass, cite and detain Plaintiffs with no legal basis to do so.

27

28

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 · FAX (702) 471-6540

149.    As a direct and proximate result of Defendants' violations of the Fourteenth Amendment, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof, and Plaintiffs are entitled to: injunctive and declaratory relief against Defendant LVMPD, attorneys' fees and costs, and monetary, compensatory, and punitive damages.

## NINTH CAUSE OF ACTION
### VIOLATION OF THE CONSTITUTION TO THE STATE OF NEVADA
### (BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

150.    Plaintiffs incorporate paragraphs 1 through 149 of this Complaint as if fully set forth in this section.

151.    It has been necessary for Plaintiffs to retain the services of an attorney to pursue this matter and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment interest herein.

152.    Plaintiffs' rights to speech, peaceable assembly, and expressive conduct are impermissibly restricted, chilled, deterred and inhibited by the actions of Defendants.

153.    Art. 1, § 9 of the Constitution of the State of Nevada provides "[e]very citizen may freely speak, write and publish his sentiments on all subjects […] and no law shall be passed to restrain or abridge the liberty of speech […]."

154.    Art. 1, § 10 of the Constitution of the State of Nevada provides "[t]he people shall have the right freely to assemble together to consult for the common good […]."

155.    Defendants' actions, as alleged herein, constitute violation of Plaintiffs' rights under the Constitution of the State of Nevada, Article 1, §§ 9 – 10.

156.    As a direct and proximate result of Defendants' violations of the Constitution of the State of Nevada, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof.  In addition, Plaintiffs, as a direct and proximate result of the Defendants' actions, have sustained prolonged depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred

25

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

substantial medical-related expenses; and are prevented from transacting in their usual business and enjoyment.

157.   Plaintiffs are entitled to monetary, compensatory, and punitive damages from Defendant's, and each of them.

158.   It has been necessary for Plaintiffs to retain the services of attorneys to pursue this matter and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment interest herein.

### TENTH CAUSE OF ACTION
### NEGLIGENT TRAINING, SUPERVISION, AND RETENTION
### UNDER N.R.S. 41.130
### (BY SIDEWALK CHALKER PLAINTIFFS AGAINST DEFENDANT LVMPD)

159.   Plaintiffs incorporate paragraphs 1 through 158 of this Complaint as if fully set forth in this section.

160.   Defendant LVMPD had a duty to use reasonable care in the training, supervision, and retention of their employees to make sure that their employees are fit for their positions by implementing policies and procedures designed to prevent wrongful acts by its employees, such as those committed by Defendant against Plaintiffs.

161.   Defendant LVMPD breached this duty by allowing LVMPD officers to harass, cite and detain Sidewalk Chalker Plaintiffs, and thus improperly enforce Nev. Rev. Stat. 206.330, for peacefully writing on the sidewalk with chalk.  Defendant LVMPD should have known about this breach of their duty about since the chalking occurred outside LVMPD's office many times.

162.   Defendant LVMPD's breach of this duty caused Plaintiffs to suffer severe emotional distress, as evidenced by Plaintiffs having anxiety around LVMPD officers and when expressing themselves by chalking.

163.   Defendant LMVPD is liable because at all relevant times, the officers were in the employ of the LVMPD and LVMPD is responsible for LVMPD's officers' conduct.  Defendant LVMPD's officers were not acting independently, committed the wrongful acts during the course of their official duties as police officers, and such actions

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

1    were reasonably foreseeable considering the nature and scope of their employment as

2    police officers.

3    164.    As a direct and proximate result of Defendant LVMPD's failure to

4    adequately train the LVMPD officers, Plaintiffs have suffered, are suffering, and will

5    continue to suffer damages in an amount subject to proof.  In addition, Plaintiffs as a direct

6    and proximate result of the Defendant's actions, have sustained and continue to sustain

7    depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of

8    mind; incurred substantial medical-related expenses; and are prevented from transacting in

9    their usual business and enjoyment.

10   165.    Plaintiffs are entitled to monetary, compensatory, and punitive damages

11   from Defendants, and each of them.

12   166.    It has been necessary for Plaintiffs to retain the services of attorneys to

13   pursue this matter and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment

14   interest herein.

### ELEVENTH CAUSE OF ACTION
15   FALSE IMPRISONMENT UNDER N.R.S. 41.130
16   (BY SIDEWALK CHALKER PLAINTIFFS AGAINST DEFENDANT LVMPD)

17   167.    Plaintiffs incorporate paragraphs 166 of this Complaint as if fully set forth

18   in this section.

19   168.    Defendant LVMPD officers confined Sidewalk Chalker Plaintiffs on a

20   public sidewalk on June 8, 2013 and arrested them on August 10, 2013.  Plaintiffs were both

21   aware of and harmed by the confinement and arrest.

22   169.    Defendant LVMPD is liable because LVMPD officers were at all relevant

23   times in the employ of LVMPD and Defendant LVMPD is responsible for LVMPD

24   officers' conduct.   LVMPD officers were not acting independently, committed the

25   wrongful acts during the course of their official duties as LVMPD officers, and such

26   actions were reasonably foreseeable when Defendant LVMPD maintained a policy that its

27

28

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 · FAX (702) 471-6540

27

1    officers could detain individuals engaged in lawful, protected activity on the public forum

2    sidewalks.

3        170.   As a direct and proximate result of Defendant LVMPD's false imprisonment

4    of Plaintiffs, Plaintiffs have suffered, are suffering, and will continue to suffer damages in

5    an amount subject to proof and pursuant to N.R.S. 41.130, Plaintiffs are entitled to actual

6    and foreseeable monetary damages, and attorneys' fees and costs.

7                          **TWELFTH CAUSE OF ACTION**
            INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER N.R.S. 41.130
8    (BY SIDEWALK CHALKER PLAINTIFFS AGAINST DEFENDANTS LVMPD, SGT. WALLACE, AND
9                                 LT. LIBERTY)

10       171.   Plaintiffs incorporate paragraphs 170 of this Complaint as if fully set forth

11   in this section.

12       172.   Defendant LVMPD intentionally caused Plaintiffs to suffer severe

13   emotional distress as evidenced by its outrageous conduct of harassing Sidewalk Chalker

14   Plaintiffs for no lawful reason.  For example, on May 1, 2012, a LVMPD officer yelled in

15   Plaintiff Ballentine's face for crossing a street.

16       173.   Defendants Sgt. Wallace and Lt. Liberty conducted themselves with

17   reckless disregard for inflicting emotional distress on Sidewalk Chalker Plaintiffs by

18   detaining them for forty-five (45) minutes on June 8, 2013 and telling them they would be

19   prosecuted for writing in water-soluble chalk on a public sidewalk.

20       174.   On August 10, 2013, Plaintiffs Ballentine and Patterson were arrested by

21   Defendant LVMPD officers for peacefully writing in chalk on public sidewalks in which

22   they were instructed to write upon.  Plaintiff Ballentine spent three days in jail and Plaintiff

23   Patterson spent four days in jail.  LVMPD officers conducted themselves with reckless

24   disregard for inflicting emotional distress on Plaintiffs.

25       175.   Defendant LVMPD is liable because LVMPD officers were at all relevant

26   times in the employ of LVMPD and LVMPD is responsible for LVMPD officers' conduct.

27   LVMPD officers were not acting independently, committed the wrongful acts during the

28

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

28

course of their official duties as LVMPD officers, and such actions were reasonably foreseeable where Defendant LVMPD maintained a policy of harassing, citing and detaining people for writing in water-soluble chalk on a public sidewalk.

176.     As a result of Defendant LVMPD's conduct, Sidewalk Chalker Plaintiffs have suffered, are suffering, and will continue to suffer severe emotional distress.  Plaintiff Ballentine has stated that he does not want to live anymore since he feels like LVMPD will harass him if he expresses himself.  Additionally, while in jail, Plaintiff Ballentine, who has medical issues for which he needs medication, was denied his medication, which added to his emotional distress suffered by the arrest.  Sidewalk Chalker Plaintiffs continue to suffer damages in an amount subject to proof.  Pursuant to N.R.S. 41.130, Plaintiffs are entitled to compensatory damages from Defendants and attorneys' fees and costs.

### THIRTEENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER N.R.S. 41.130
### (BY PLAINTIFF BALLENTINE AGAINST DEFENDANT LVMPD)

177.     Plaintiffs incorporate paragraphs 1 through 176 of this Complaint as if fully set forth in this section.

178.     Defendant LVMPD owed Plaintiff Ballentine a duty to not harass, unlawfully cite and unlawfully imprison him for engaging in lawful, peaceful activity on public property, and breached that duty by harassing, unlawfully citing and unlawfully imprisoning Plaintiff Ballentine.

179.     Defendant LVMPD's breach of this duty inflicted severe emotional distress upon Plaintiff Ballentine, who now has constant anxiety regarding LVMPD and expressing himself.

180.     Defendant LVMPD's breach of this duty inflicted physical injury upon Plaintiff Ballentine who needed his medication, but was denied it while in jail.

181.     Defendant LVMPD is liable because LVMPD officers were at all relevant times in the employ of LVMPD officers and the LVMPD is responsible for LVMPD officers' conduct.  LVMPD officers were not acting independently, committed the

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702) 471-6540

wrongful acts during the course of their official duties as officers, and such actions were reasonably foreseeable where LVMPD maintained a policy of harassing, citing and detaining people for writing in water-soluble chalk on a public sidewalk.

182.    As a direct and proximate result of Defendant LVMPD's infliction of emotional distress upon Plaintiff Ballentine, Plaintiff Ballentine has suffered, is suffering, and will continue to suffer damages in an amount subject to proof and, pursuant to N.R.S. 41.130.  Plaintiff Ballentine is entitled to compensatory damages from Defendant LVMPD and attorneys' fees and costs.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray as follows:

a.      A declaration that Defendant LVMPD's failure to make or enforce policies and practices with respect to wrongful actions of LVMPD's officers in regulating, harassing, citing, and detaining individuals engaged in lawful, protected activity on public forum sidewalks is unlawful and that the harassment, detainment, arrest and search isolated their rights to free speech and expression under the free speech clause of the First Amendment to the U.S. Constitution, rights to be free from unlawful arrest under the Fourth Amendment to the U.S. Constitution, rights to be free from unreasonable searches and seizures under the Fourth Amendment to the U.S. Constitution, substantive due process rights to freedom of movement and liberty under the Fourteenth Amendment to the U.S. Constitution, and procedural due process rights under the Fourteenth Amendment to the U.S. Constitution;

b.      A permanent injunction preventing Defendant LVMPD and their officers from violating the constitutional civil rights of individuals based upon the false assertion that Defendant LVMPD may regulate, harass, cite, arrest, detain and search, or otherwise interfere with individuals engaged in lawful, protected activity on public forum sidewalks;

c.      Damages and punitive damages to be determined at trial;

d.      An award of attorney's fees and expenses under 42 U.S.C. § 1988(b); and,

LANGFORD McLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 · FAX (702) 471-6540

e.      Any further relief the Court deems appropriate.

### VIII.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action.


RESPECTFULLY SUBMITTED this 26th day of September, 2014


                              By:    */s/ Margaret A. McLetchie*
                                     Margaret A. McLetchie, Esq.
                                     Nevada Bar No. 10931
                                     LANGFORD MCLETCHIE LLC
                                     616 S. Eighth Street
                                     Las Vegas, NV 89101

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 · FAX (702) 471-6540

31