UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN BALLENTINE, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LAS VEGAS METROPOLITAN POLICE ) <br> DEPARTMENT, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:14-cv-01584-APG-GWF <br><br> **ORDER** |

   This matter is before the Court on Plaintiffs' Motion to Compel Production of Documents (#84). The Court conducted a hearing in this matter on December 9, 2015. Plaintiffs request an order requiring Defendants to produce personnel files, disciplinary files and documents pertaining to investigations by the Las Vegas Metropolitan Police Department's Internal Affairs Bureau (IAB) with respect to the individual defendant police officers. The deposition of Defendant Mike Wallace is scheduled for December 11, 2015. After discussion with counsel for the parties, the Court decided to conduct an *in camera* review of the disciplinary and IAB files relating to Defendant Wallace so that the Court could order immediate production of any relevant documents in time for Defendant Wallace's deposition. The production of such records is subject to the oral protective order entered by the Court during the December 9, 2015 hearing which prohibits the disclosure of the records to third persons or the public. Defendant Wallace's deposition testimony regarding such matters shall also be subject to that protective order. The Court, having reviewed the documents submitted for *in camera* review, orders as follows:

   1.  Document Nos. LVMPD 001739-LVMPD 001747 relate to an IAB investigation of several police officers and dispatchers, including Defendant Wallace, concerning a domestic

battery/assault incident that occurred on February 6, 2008. The investigation concerned the officers' or dispatchers' alleged failure to follow department policy to obtain the presence of the Crisis Intervention Team (CIT) during the incident. Defendant Wallace was exonerated with respect to the alleged violation of the policy. The investigation did not concern any police conduct similar to the conduct alleged in this case. Nor was there any allegation of dishonesty or untruthfulness against Defendant Wallace or other officers and employees. The Court finds that the investigation of this incident is irrelevant and the documents relating to it need not be produced.

    2.    Document Nos. LVMPD 001761-LVMPD 001771 relate to the complaint and request for investigation regarding the incident discussed in paragraph 1. These records are also irrelevant and need not be produced.

    3.    Document Nos. LVMPD 001748-LVMPD 001760 relate to an IAB investigation of an August 7-8, 2008 incident in which a police officer was charged with having (1) arrested a suspect without probable cause to support the arrest, (2) falsely stated that the suspect consented to a search of his vehicle, and (3) falsely reported that he had searched the suspect's vehicle, when another police officer had, in fact, searched the vehicle. As to Defendant Wallace, the investigation concerned only whether he followed department policy in determining whether the arrest was supported by probable cause, and if not, in seeing that the suspect was timely released from custody. Defendant Wallace was exonerated of any violation of department policy. The Court finds that the facts and circumstances relating to this incident are not similar to the allegations in the First Amended Complaint (#43). Because the IAB investigation concerned whether Defendant Wallace followed proper procedures relating to the arrest and detention of a suspect, however, the Court finds that those portions of the report that specifically relate to his conduct are sufficiently relevant to justify production to the Plaintiffs. Defendants are to produce only those portions of the documents that specifically relate to Defendant Wallace's conduct.

    4.    Document Nos. LVMPD 001772-LVMPD 001781 relate to the complaint and request for investigation of the incident discussed in paragraph 3. For the reasons set forth above, Defendants are to produce only those portions of the documents that specifically relate to Defendant Wallace's conduct.

5.	Documents Nos. LVMPD 001782-LVMPD 001784 relate to a citizen complaint against Defendant Wallace regarding his conduct during a traffic stop and whether he had reasonable grounds to initiate the stop. The Court finds that the complaint is relevant to Defendant Wallace's behavior or conduct during stops or detentions of individuals. The Court therefore orders that these documents be produced to Plaintiffs. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Production of Documents (#84) is **granted**, in part, in accordance with the foregoing provisions of this order. The Court, in due course, will enter a further order on said motion

DATED this 9th day of December 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge