1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

BRIAN BALLENTINE, et al.,

             Plaintiffs,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, et al.,

             Defendants.

Case No. 2:14-cv-01584-APG-GWF

**ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL DISMISSAL**

(Dkt. #44)

11

12

13

14

15

16

17

     The plaintiffs are members and supporters of the Sunset Activist Collective, a civil rights activist organization. The defendants are Las Vegas Metro Police Department ("LVMPD") and three individual LVMPD officers. The plaintiffs allege that LVMPD allowed its officers to carry out a coordinated campaign to harass and punish the plaintiffs for their protest activities. They also allege that the officers' harassment negligently inflicted emotional distress on members of the organization. The plaintiffs assert various federal and state law claims against LVMPD and the individual officers based on their alleged misconduct.

18

19

20

21

22

23

24

     I previously dismissed the claim in the original complaint asserting negligent training, supervision, and retention on the basis of discretionary immunity, but granted the plaintiffs leave to amend to cure the defects. (Dkt. #36 at 12–13, 16.) The plaintiffs have since amended their complaint. (Dkt. #43.) LVMPD now moves to dismiss the plaintiffs' claims of negligent training, supervision, and retention, and negligent infliction of emotional distress. (Dkt. #44.) Because the plaintiffs have failed to allege sufficient facts to support these claims, I grant LVMPD's motion to dismiss them.

25

**I.    BACKGROUND**

26

27

28

     Plaintiffs Brian Ballentine, Catalino Dazo, and Kelly Patterson are members of the Sunset Activist Collective, a local activist group. (Dkt. #43 at 6.) Plaintiff Gail Sacco is not a member

but is a civil rights activist and a long-time supporter of the group. (*Id.*)  The plaintiffs assert that

they write messages in chalk on sidewalks as a means of peaceful protest. (*Id.*)  They have

participated in chalk protests since 2011 at locations around the Las Vegas area, including

UNLV, the Regional Justice Center, LVMPD headquarters, and the Clark County Government

Center. (*Id.* at 6–8, 10.)  Some of the group's chalkings contain messages critical of LVMPD. (*Id.*

at 21.)

The plaintiffs assert that in June 2013, during a chalk protest outside LVMPD

headquarters, they were approached by a LVMPD detective who told them that writing in chalk

on the sidewalk constituted graffiti. (*Id.* at 9.)  LVMPD officers then issued citations to

Ballentine, Dazo, and Patterson for "placing graffiti" and for "wri[ting] with chalk on [a] public

sidewalk." (*Id.*)

The following month, Ballentine, Dazo, and Patterson again chalked messages critical of

LVMPD on public sidewalks in front of LVMPD's headquarters and the Regional Justice Center.

(*Id.* at 9–11.)  The plaintiffs claim that as a result of the incident at LVMPD headquarters and in

anticipation of the planned protest at the R.J.C., arrest warrants were issued for Ballentine and

Patterson. (*Id.* at 10.)

On August 10 2013, Ballentine, Dazo, and Patterson were arrested and charged with

violating Nevada Revised Statutes ("N.R.S.") § 260.330, Nevada's anti-graffiti law, and with

conspiracy to commit a crime in violation of N.R.S. § 193.050. (*Id.* at 11.)  N.R.S. § 260.330

criminalizes "a person who places graffiti on or otherwise defaces the public or private property,

real or personal, of another, without the permission of the owner."  Ballentine and Patterson

spent, respectively, three and four days in jail. (*Id.*)

According to the plaintiffs, they have been improperly arrested, cited, and harassed for

using water-soluble chalk to write messages that are critical of LVMPD. (*Id.* at 2.)  The plaintiffs

allege that LVMPD police have "engage[d] in a coordinated campaign to punish Plaintiffs" for

the critical messages. (*Id.* at 21.)  They further allege that LVMPD does not harass, cite, or arrest

1    other individuals for writing or drawing on public sidewalks when the messages are not critical of

2    LVMPD. (*Id.* at 2.)

3          They further claim that LVMPD's breach of its duty caused them to suffer severe

4    emotional distress, including depression, embarrassment, anxiety, and severe mental or physical

5    pain. (*Id.* at 21–22.)  Additionally, Ballentine alleges that he was denied necessary medication

6    while in jail and that he now suffers from constant anxiety. (*Id.* at 23.)

7    **II.    LEGAL STANDARD**

8          A properly pleaded complaint must provide a "short and plain statement of the claim

9    showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*,

10   550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands

11   more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of

12   action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Factual allegations must be enough to rise

13   above the speculative level." *Twombly*, 550 U.S. at 555.  To survive a motion to dismiss, a

14   complaint must "contain[ ] enough facts to state a claim to relief that is plausible on its face."

15   *Iqbal*, 556 U.S. at 697 (internal quotation and citations omitted).

16         I apply a two-step approach when considering motions to dismiss. *Id.* at 679.  First, I must

17   accept as true all well-pleaded factual allegations and draw all reasonable inferences from the

18   complaint in the plaintiffs' favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir.

19   2013).  Legal conclusions, however, are not entitled to the same assumption of truth, even if cast

20   in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.  Mere recitals

21   of the elements of a cause of action, supported only by conclusory statements, do not suffice.

22   *Iqbal*, 556 U.S. at 678.  Second, I must consider whether the factual allegations in the complaint

23   allege a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the complaint

24   alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

25   alleged misconduct. *Id.* at 663.  Where the complaint does not permit the court to infer more than

26   the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the

27   pleader is entitled to relief." *Id.* at 679 (internal quotation and citation omitted).  When the claims

28

1    have not crossed the line from conceivable to plausible, the complaint must be dismissed.

2    *Twombly*, 550 U.S. at 570.

3    **III.    ANALYSIS**

4        **A. Negligent training, supervision, and retention claim**

5            I dismissed the plaintiffs' original claim against LVMPD for negligent training,

6    supervision, and retention because the plaintiffs offered no authority or argument for why

7    discretionary immunity did not apply to decisions related to hiring, training, and supervising

8    employees. (Dkt. #36 at 12–13.)  The plaintiffs' newly amended complaint alleges that LVMPD

9    breached its duty of care in the training, supervising, and retaining of its employees by allowing

10   officers to harass the plaintiffs as punishment for activities critical of LVMPD. (Dkt. #43 at 21.)

11   The plaintiffs assert that LVMPD should have known about this breach of duty because the

12   alleged harassment occurred outside LVMPD's office. (*Id.*)  They further allege that LVMPD

13   does not enjoy discretionary immunity for its failures in training and supervising its employees

14   because its failures were done in bad faith. (*Id.*)

15           The defendants move to dismiss this claim, again arguing that LVMPD's decisions related

16   to the training and supervision of its employees are shielded by discretionary immunity. (Dkt. #44

17   at 4.)  They contend that the plaintiffs' conclusory statements in the amended complaint that

18   LVMPD acted in bad faith are not a defense to discretionary immunity. (Dkt. #44 at 5.)  In

19   response, the plaintiffs argue that because their amended complaint alleges bad faith,

20   discretionary immunity does not apply. (Dkt. #49 at 6.)

21           Discretionary immunity shields government entities from liability for a decision

22   "involv[ing] an element of individual judgment or choice and . . . based on considerations of

23   social, economic, or political policy." *Martinez v. Maruszczak*, 168 P.3d 720, 729 (Nev. 2007).

24   Nevada looks to federal case law to determine the scope of discretionary immunity, which holds

25   that training, retention, and supervision activities are subject to discretionary immunity. *Vickers v.*

26   *U.S.*, 228 F.3d 944, 950 (9th Cir. 2000) (collecting cases); *Beckwith v. Pool*, No. 2:13–cv–00125–

27   JCM–NJK, 2013 WL 3049070, *5–6 (D. Nev. June 17, 2013) ("The decision of which police

28

1   officers to hire, and how to train and supervise them, are an integral part of governmental policy-

2   making or planning."). However, immunity does not apply to acts attributable to bad faith,

3   whether discretionary or not. *Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991). Under

4   Nevada law, "[b]ad faith . . . involves an implemented attitude that completely transcends the

5   circumference of authority granted the individual or entity. In other words, an abuse of discretion

6   occurs within the circumference of authority, and an act or omission of bad faith occurs outside

7   the circumference of authority." *Id.* at 892.

8        In response to the defendants' assertion of discretionary immunity, the plaintiffs point

9   only to the conclusory statements in their amended complaint that LVMPD acted in "bad faith."[1]

10  They offer no factual allegations, either in the amended complaint or in their briefing, to support

11  their assertion that LVMPD acted in bad faith in training, supervising, and retaining its officers.

12  The amended complaint asserts that LVMPD "should have known" that its officers were

13  breaching their duty to the plaintiffs, and therefore LVMPD "allowed" its officers to engage in a

14  coordinated campaign to punish the plaintiffs. While such assertions, if true, might show

15  negligence on the part of LVMPD, they do not show bad faith or "an implemented attitude that

16  completely transcends the circumference of authority granted the individual or entity." *Id.*

17  Because the plaintiffs have failed to provide facts or legal argument to support their conclusory

18  allegation of bad faith on LVMPD's part, I dismiss their negligent training, supervision, and

19  retention claim.

20       **B. Negligent infliction of emotional distress**

21       The plaintiffs have brought a claim for negligent infliction of emotional distress ("NIED")

22  against LVMPD, alleging that it inflicted severe emotional distress on Ballentine and that he now

23  experiences constant anxiety. (Dkt. #43 at 23.) The plaintiffs further allege that Ballentine was

24  physically injured because he was denied medication while in jail. (*Id.* at 23–24.) The defendants

25  moved to dismiss this claim, arguing that under Nevada law NIED claims may only be brought by

26

27       [1] Indeed, it appears that when the plaintiffs amended their complaint they simply inserted the
28  words "bad faith" into the text of their original complaint.

1   bystander plaintiffs.  The plaintiffs do not dispute that Ballentine was not a bystander.  Rather,

2   they argue that Nevada law permits the direct victim of a defendant's negligence to recover

3   emotional damages, so long as the plaintiff alleges an underlying injury separate from the

4   emotional harm.  The plaintiffs contend that because the amended complaint alleges a separate

5   underlying injury, I should deny the defendants' motion to dismiss this claim.

6          To recover for NIED under Nevada law, the plaintiff must have been: (1) located near the

7   scene of an accident; (2) emotionally injured by observing the accident; and (3) closely related to

8   the victim. *Grotts v. Zahner*, 989 P.2d 415, 416 (Nev. 1999).  Nevada courts have ruled that only

9   bystander plaintiffs may recover for negligent infliction of emotional distress. *Id.*; *Shoen v.*

10  *Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995).  While the Court in *Shoen* held that direct victims

11  of negligence could obtain emotional distress damages, it did not eliminate the bystander

12  requirement for NIED claims. *Shoen*, 896 P.2d at 477.  Instead, it allowed plaintiffs pleading a

13  negligence claim to obtain emotional distress damages, just as bystander claimants can in NIED

14  claims. *Id.; see also Kennedy v. Carriage Cemetery Servs., Inc.,* 727 F. Supp. 2d 925, 934–35 (D.

15  Nev. 2010) (explaining the Nevada Supreme Court's holding in *Shoen*); *Pitti v. Albertsons, LLC*,

16  No. 2:11-cv-00280-MMD-CWH, 2012 WL 1931243, at *4 (D. Nev. May 29, 2012) (clarifying

17  that negligence claims with emotional distress damages and claims of NIED are not the same).

18         While the amended complaint specifically alleges a claim of NIED, the allegations appear

19  to allege a claim against LVMPD of negligence with emotional distress damages.  To support a

20  claim of negligence, a plaintiff must show: (1) the defendant acted negligently; (2) either a

21  physical impact or, in the absence of a physical impact, proof of a serious emotional distress

22  causing physical injury or illness; and (3) actual or proximate causation. *Besserman v. California*

23  *Factors & Fin. (Arizona), Inc.*, No. 2:11-CV-01340-JAD-VCF, 2013 WL 6002877, at *5 (D.

24  Nev. Nov. 12, 2013) (citing *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998)).  An

25  act is a proximate cause of an injury where it appears that "the injury was the natural and

26  probable consequence of the negligence or wrongful act, and that it ought to have been foreseen

27  in the light of the attending circumstances." *Van Cleave v. Kietz–Mill Minit Mart*, 633 P.2d 1220,

28

1   1221 (Nev. 1981).  A victim of a defendant's negligence may recover emotional damages if there

2   is an underlying injury separate from the emotional harm. *Kennedy*, 727 F. Supp. 2d at 935.

3       Here, the plaintiffs allege an injury to Ballentine separate from emotional harm.  They

4   claim that LVMPD had a duty not to harass, cite, or unlawfully imprison Ballentine, it breached

5   that duty, and as a result Ballentine suffered physical injury because he was denied medication

6   while in jail. (Dkt. #43 at 23–24).  But the alleged physical injury is never causally tied to the

7   alleged breach.  It is unclear how Ballentine's being denied medication while in jail was the

8   natural and probable consequence of LVMPD allegedly harassing, citing, and unlawfully

9   imprisoning him.  Furthermore, the plaintiffs fail to allege any facts to support the assertion that

10  Ballentine suffered a physical injury while in jail.  Rather, they offer only the conclusory

11  statement that "LVMPD's breach . . . inflicted physical injury upon [ ] Ballentine who needed his

12  medication, but was denied it while in jail." (*Id*. at 23.)  While a plaintiff need not offer evidence

13  to survive a motion to dismiss, plaintiffs must allege enough facts to state a claim to relief that is

14  plausible on its face. *Iqbal*, 556 U.S. at 697.

15      Additionally, the plaintiffs claim that LVMPD's actions caused Ballentine severe

16  emotional distress.  But "[i]n [the] absence of physical impact, proof of serious emotional distress

17  *causing* physical injury or illness must be presented." *Barmettler*, 956 P.2d at 1387 (emphasis

18  added).  The plaintiffs allege emotional distress manifesting as "constant anxiety regarding

19  LVMPD and expressing himself," but allege no resulting physical injury or illness to Ballentine.

20  (Dkt. #43 at 147.)

21      Based on the current pleading, and accepting as true all well-pleaded factual allegations in

22  the amended complaint, the plaintiffs have not pleaded sufficient facts to support a claim of either

23  NIED or negligence.  I therefore grant LVMPD's motion to dismiss this claim.  However, the

24  plaintiffs are granted leave to amend the complaint, if they choose, to add a negligence claim if

25  sufficient facts exist to support it.

26

27

28

1  **IV.   CONCLUSION**

2       IT IS THEREFORE ORDERED that LVMPD's motion for partial dismissal of the

3  plaintiffs' amended complaint **(Dkt. #44) is GRANTED.**

4       IT IS FURTHER ORDERED that the plaintiffs are granted leave to amend to add a

5  negligence claim, if sufficient facts exist.  An amended complaint must be filed within 30 days of

6  entry of this Order.

7       DATED this 7th day of March, 2016.

8

9                                        ANDREW P. GORDON
                                         UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28