1
2
3
4
5                        **UNITED STATES DISTRICT COURT**
6                              **DISTRICT OF NEVADA**
7
8    BRIAN BALLENTINE, *et al.*,                    )
                                                    )
9              Plaintiffs,                          )        Case No. 2:14-cv-01584-APG-GWF
                                                    )
10   vs.                                            )        **ORDER**
                                                    )
11   LAS VEGAS METROPOLITAN POLICE                  )
     DEPARTMENT, *et al.*,                          )
12                                                  )
               Defendants.                          )
13   _____       )

14           This matter is before the Court on Plaintiffs' Motion for Sanctions Pursuant to Fed.R.Civ.P.

15   37(d) (#135), filed on March 25, 2016 and Plaintiffs' Motion to Compel Discovery (#136), filed on

16   March 28, 2016.  Defendant Las Vegas Metropolitan Police Department ("LVMPD") filed its

17   Omnibus Response (#142) to both motions on April 11, 2016.  Plaintiffs filed their Reply (#148) on

18   April 21, 2016.  The Court conducted a hearing in this matter on April 29, 2016.

19                              **BACKGROUND**

20           Plaintiffs allege that Defendants LVMPD and the individual defendant officers violated their

21   rights to freedom of speech, assembly and equal protection by improperly arresting, citing and

22   harassing Plaintiffs for using water-soluble chalk to write messages on public sidewalks that were

23   critical of the LVMPD.  Plaintiffs allege that Defendants have applied Nevada's graffiti statute to

24   punish them for the content of their speech, and that Defendants do not arrest, cite or harass

25   individuals who use water-soluble chalk to write messages that are not critical of the LVMPD.

26   *Second Amended Complaint (#140), pg. 2.*  Plaintiffs allege that beginning on May 1, 2013, LVMPD

27   officers began to harass them for their protests and chalking activities.  On June 8, 2013, Plaintiffs

28   were detained and cited for chalking on the sidewalk in front of the LVMPD headquarters. *Id., pgs.*

1    *8-9, ¶¶ 45-49.*  Plaintiffs were subsequently arrested for chalking the sidewalks in front of the

2    LVMPD headquarters and the Regional Justice Center (Clark County Courthouse) on July 13 and 18,

3    2013.  Following their arrests, Plaintiffs Ballentine and Patterson, respectively, spent three and four

4    days in custody.  *Id., pgs. 9-11, ¶¶ 51-65.*

5        **1.    Facts Relating to Plaintiffs' Motion for Sanctions (#135).**

6        On August 29, 2013, Plaintiffs' counsel sent a letter to the general counsel of the LVMPD

7    stating that the LVMPD must ensure that all records regarding the recent citations and arrests of

8    persons for sidewalk chalking were preserved.  *Motion (#135), Exhibit 1.*  After this lawsuit was filed,

9    Plaintiff served discovery requests on Defendants to obtain information and documents relating to

10   chalking or other protest incidents.  Defendants produced documents and/or answered interrogatories

11   relating to the alleged incidents.  The adequacy of Defendants' document production or interrogatory

12   responses are not the subject of the current motions.

13        On January 11, 2016, Plaintiffs served their Fourth Set of Interrogatories on Defendant

14   LVMPD which included the following Interrogatory No. 14:

15
16              Describe all searches for documents undertaken in this litigation to
               comply with Defendants' discovery obligations, including but not
               limited to efforts made to provide documents in response to all
17              Plaintiffs' Requests for Production to LVMPD.  In your response,
               please identify all databases, computers, and other sources that were
18              searched for electronically stored information.

19   *Motion (#135), Exhibit 2.*

        Defendant LVMPD answered this interrogatory on February 10, 2016 by stating that CAD
20
     (Computer-Aided Dispatched) was searched by event number, by reference to Plaintiffs' last names,
21
     and by other relevant terms such as names of the protest groups and the word "chalk" for the period
22
     from October 1, 2011 to August 30, 2013.  Defendant stated that the following databases were
23
     searched by event numbers: P1, OnBase, BiWeb, DIMS, and WinACE.  The IA Pro database was
24
     searched by event number, plaintiff name, and defendant name.  Defendant stated that officers
25
     Wallace, Liberty, Tucker, Black, Miller, Starks, Assalmy, Zemsta, Brown, Sutton, and Bates searched
26
     their LVMPD Microsoft Outlook emails, LVMPD computer local drive, jump drive, hard copies,
27
     personal files/notes and LVMPD cell phones for text messages.  Defendant further stated that the H:
28

2

drive>Microsoft Word was searched for LVMPD policies and discipline lists by officers.  The employment files of individual Defendants John Liberty, Christopher Tucker and Mike Wallace were also searched.  *Motion (#135), Exhibit 3.*

On January 19, 2016, Plaintiffs served their Fourth Amended Notice of Taking Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) to Las Vegas Metropolitan Police Department.[1]  *Motion (#135), Exhibit 4.*  The deposition was noticed to take place on March 14 and 15, 2016.  The deposition notice included twenty-four topics on which testimony was sought.  Topics 23 and 24, which relate to Plaintiffs' Motion for Sanctions Pursuant to Fed.R.Civ.P. 37(d) (#135), stated as follows:

> 23.    Efforts made, if any, to preserve evidence regarding the facts alleged in Plaintiffs' Complaint.
>
> 24.    All searches undertaken to search for, collect, and produce responsive documents for this case, including:
>
>     a.    Databases searched;
>
>     b.    Custodians collected from;
>
>     c.    Efforts, if any, to search and collect Electronically Stored Information.

*Motion (#135), Exhibit 4.*

Defendant LVMPD produced Police Captain Brett Primas as its deponent on Topics 23 and 24.  Captain Primas testified that in preparing for the Rule 30(b)(6) deposition, he reviewed the Defendants' answer to Interrogatory No. 14.  He also discussed the deposition topic with LVMPD's counsel.  *Plaintiffs' Supplement to Motion for Sanctions (#139), Exhibit 5, Deposition Transcript, pgs. 29-30.*  He did not meet with anyone within the LVMPD to prepare for the deposition and he did not request anyone to compile information for him.  *Id., pgs. 30-31.*  Captain Primus generally described his knowledge of the databases listed in LVMPD's answer to Interrogatory No. 14.  *Id.,* . . .

---

[1] Defendants had previously filed a motion for protective order regarding Plaintiffs' notice of Rule 30(b)(6) deposition. *See Defendants' Motion for Protective Order (#83).*  That motion challenged various topics listed in an earlier version of the deposition notice.  Defendants, however, did not challenge topics 1, 23 and 24 as listed in Plaintiffs' Fourth Amended Notice of Taking Deposition Pursuant to Fed.R.Civ.P. 30(b)(6).

*pgs. 32-33.*  Captain Primas was asked who searched the CAD data base by event number as stated in the interrogatory answer.  He testified:

> I personally do not know who searched that.  However, the process is typically for us with lawsuits it goes to our legal counsel, and then they send out the hold letters to preserve evidence to people involved, and they work with our outside counsel and then identify those, such as me, who can verify certain things, so that's how that process works, so on each of these I personally don't have knowledge of who and when searched these, just working with Miss Smith, who works with our legal counsel, they verify that this was done.

 *Id., pg. 33.*

 Captain Primas did not know which or how many event numbers were searched in CAD.  He stated that LVMPD personnel would search an event number for an incident and any other associated event numbers that are linked to that event number through dispatch.  *Id., pg. 34.*  The interrogatory answer stated that CAD was searched by Plaintiffs' names and other key words or terms.  Again, Captain Primas did not know who performed these searches or what information was discovered.  He reiterated that the searches were "all coordinated out of our Office of Legal Counsel and either they do that or they reach out to somebody and have them look at that and give them that information."  *Id., pgs. 35-36.*  At that point in the deposition, Defendant's counsel objected that "questions about what was searched and what documents were produced in each search would be outside the scope of Topics 23 and 24."  *Id., pgs. 36-37.*  In response to the question who had knowledge about specific searches, Captain Primas stated: "The only place I could [refer you to] would be again our Office of Legal Counsel 'cuz that's who coordinates the preservation and what they need to collect in conjunction with working with our attorneys that we have, which in this case is Ms. Smith."  *Id., pg. 40.*

 Captain Primas was asked about "a printout of efforts made for preservation" which was marked as Plaintiffs' Exhibit 2.  He stated that the list was prepared by Defendant's counsel, Ms. Smith.  He knew the list was accurate "through Miss Smith and the conversations she had with our legal counsel and how our process works when we go through this."  *Id., pg. 37.*  He did not do anything else to verify the accuracy of the list.  *Id., pgs. 37-38.*

. . .

1   Captain Primas provided general information about the type of information contained in the

2   P1, OnBase, BiWeb, DIMS and WinACE databases. He did not have any knowledge regarding the

3   searches of these databases. *Id., pgs. 40-47.* However, he personally performed the search for

4   relevant documents in the IA Pro database and reported back to Defendant's counsel on the results of

5   that search. *Id., pgs. 48-51.* Captain Primas was also questioned about the searches performed by

6   Defendants Wallace, Liberty, and Tucker, and other officers in their respective Outlook email

7   programs, the LVMPD computer local drives, jump drives, hard copies, personal files/notes, and

8   LVMPD cell phones. Captain Primas did not know what search terms the Defendants or other

9   officers used in performing their searches or whether they documented their searches in any manner.

10  *Id., pgs. 52-60.* He testified:

11          On these other ones with [Defendants' counsel] working through our
            Office of Legal Counsel where everything is coordinated, they
12          confirmed that these searches were done because they're the ones who
            had contact with each of these on your Exhibit 1 I believe. That's how
13          we have this information that was compiled and coordinated through
            Office of Legal Counsel, so I would not have first-hand knowledge. It
14          was simply relayed to me that these were all verified, these searches
            were completed, and information was retained within the parameters
15          that were asked for if it existed.

16  *Id., pgs. 53-54. See also pg. 60.*

17          In regard to the Topic 23 concerning efforts made to preserve evidence, Captain Primas

18  testified that he did nothing besides "looking at the documents we've been talking about and have a

19  few conversations with Miss Smith." *Id., pg. 69.*

20          **2.      Facts Relating to Plaintiffs' Motion to Compel (#136).**

21          Topic 1 in Plaintiffs' Fourth Amended Notice of Rule 30(b)(6) Deposition, which is the

22  subject of Plaintiffs' Motion to Compel (#136), stated as follows:

23          The FRCP 30(b)(6) witness for Las Vegas Metropolitan Police
            Department regarding the facts and circumstances giving rise to
24          Plaintiffs' Complaint, the damages they claim to have sustained; and as
            to any other matter relevant to this action which may be elicited by
25          counsel at deposition or trial (as identified on Defendants' Initial
            Disclosures).

26
    *Motion (#136), Exhibit 5.*
27  . . .

28  . . .

Defendants had previously stated in their Third Supplement to Disclosure of Witnesses and

Documents Pursuant to FRCP 26, served on July 9, 2015, that they intended to call a "FRCP 30(b)(6)

Witness for Las Vegas Metropolitan Police Department" who was "expected to testify regarding the

facts and circumstances giving rise to Plaintiffs' Complaint, the damages they claim to have

sustained; and as to any other matter relevant to this action which may be elicited by counsel at

deposition or trial." *Motion (#136), Exhibit 2.* After Plaintiffs served their Fourth Amended Notice

of Rule 30(b)(6) Deposition on January 19, 2016, Defendants served their Twelfth Supplement to

Disclosure of Witnesses and Documents Pursuant to FRCP 26 on February 18, 2016 which omitted

reference to the "FRCP 30(b)(6) Witness for Las Vegas Metropolitan Police Department." *Motion*

*(#136), Exhibit 3.* There was no communication between the parties' counsel regarding Topic 1 or

Defendants' withdrawal of their "FRCP 30(b)(6) Witness for Las Vegas Metropolitan Police

Department" until March 10, 2016 when Plaintiffs' counsel sent the following email to Defendants'

counsel:

> I am getting ready for the 30(b)(6) depositions scheduled for Monday
> and Tuesday next week. Can you please tell me (1) who you have
> designated as your 30(b)(6) witnesses; (2) what topics they will testify
> on; and (3) which day each witness will testify?

Defendants' counsel responded on March 11th, by identifying the topics that would be

covered on each day of the deposition. Defendants' counsel further responded on March 14th by

identifying the individual deponents and topics they would discuss. Defendants' counsel further

stated:

> No one will be designated on topic 1 because we amended our
> disclosure to remove the "FRCP 30(b)(6)" identified in topic 1.

Plaintiffs' counsel replied on March 14th:

> We are still entitled to depose the witness on the topics listed under #1,
> even if you have artfully changed the manner of disclosing your
> witnesses.

> Further, quite some time ago, the parties worked together on the
> deposition scope. Your last-minute change is an obvious attempt to
> hide the ball and thwart our ability to properly depose LVMPD. Please
> call us at your earliest convenience so we might resolve this.

. . .

Defendants' counsel responded on March 14th:

> The identification of a "FRCP 30(b)(6)" witness on our disclosure was inadvertent. The defense will not be calling a "30(b)(6)" witness to testify at trial and as a result it was withdrawn (in February). Accordingly, and to reiterate, there will be no witness designated on Topic 1. We have named the actual witnesses that we intend to call in defense of our case and all of those individuals have been listed on our disclosure. I hope this alleviates your concerns. Thanks.

Plaintiffs' counsel then replied on March 14th:

> I understand your point. However, the issue is that we believed you were providing a witness who could bind the Department on facts/claims and defenses and, thus, did not amend our notice and also did not pursue some additional depositions. We have some proposed solutions, though – please give us a call.

*Motion (#136), Exhibit 6.*

The parties were unable to reach an agreement regarding Topic 1 prior to or during the Rule 30(b)(6) deposition that was conducted on March 14-15, 2016. On March 18, 2016, Plaintiffs served a Fifth Amended Notice of Rule 30(b)(6) Deposition to be taken on March 28, 2016[2] which stated that they would depose "The FRCP 30(b)(6) witness for Las Vegas Metropolitan Police Department regarding the facts and [] **including Defendants' defensive** (sic) **in this action**." *Motion (#136), Exhibit 7.* On March 23, 2016, Plaintiffs served a Sixth Amended Notice of Rule 30(b)(6) Deposition which stated that they would depose "The FRCP 30(b)(6) witness for Las Vegas Metropolitan Police Department regarding the facts and [] including Defendants' **defenses** in this action." *Motion (#136), Exhibit 8.* Defendant LVMPD refused to produce a deponent in response to these notices.

### 3. The Parties' Contentions.

In Motion (#135), Plaintiffs argue that Defendant LVMPD should be sanctioned because Captain Primas was not adequately prepared to testify on Topics 23 and 24. Plaintiffs state that Defendant LVMPD should be required to pay all reasonable expenses, including attorney's fees, caused by the failure to properly prepare Captain Primas, that additional monetary sanctions should be imposed, and that Defendant LVMPD should be ordered to produce an adequately prepared

[2]The scheduling order stated that discovery closed on March 27, 2016. *See Order (#116).* However, because March 27th was a Sunday, discovery reasonably closed on March 28th.

1   deponent to testify on these topics. *Motion (#135), pg. 10.* In Motion (#136), Plaintiffs request that

2   Defendant LVMPD be ordered to produce a deponent to testify on revised Topic 1 as set forth in

3   Plaintiffs' Sixth Amended Notice of Rule 30(b)(6) Deposition. Plaintiffs also request an award of

4   reasonable expenses with respect to this motion.

5         Defendant argues that Topics 23 and 24 were vague and overbroad, and that Captain Primas

6   was adequately prepared to testify in response to the topics as listed in the notice. Defendant also

7   argues that requiring a further deposition on these topics is unreasonable and a waste of time because

8   it has identified the databases or files that were searched for documents responsive to Plaintiffs'

9   discovery requests and there is no evidence that Defendant withheld any nonprivileged documents

10   relating to the incidents involving the Plaintiffs; nor is there any evidence that Defendant failed to

11   preserve relevant documents after it was on notice of the claims or had received Plaintiffs'

12   preservation letter. In regard to Topic 1, Defendant argues that it properly withdrew its FRCP

13   30(b)(6) witness and that Plaintiff's amended notices served on March 18 and 23 were untimely.

14                             **<u>DISCUSSION</u>**

15         The purpose of and requirements for depositions conducted pursuant to Fed.R.Civ.P. 30(b)(6)

16   are extensively set forth in *Great American Ins. Co. of N.Y. v. Vegas Const.*, 251 F.R.D. 534, 538-40

17   (D.Nev. 2008). As the court therein states:

18  
19           Rule 30(b)(6) imposes burdens on both the discovering party and the
          designating party. The party seeking discovery through a Rule 30(b)(6)
          deposition is required to describe 'with reasonable particularity the
20         matters on which examination is requested.' Fed.R.Civ.P. 30(b)(6).
          Once served with the deposition notice under Rule 30(b)(6), the
          responding party is required to produce one or more witnesses
21         knowledgeable about the subject matter of the noticed topics.

22         *Id.*, at 538, citing *Marker v. Union Fidelity Life Insurance Company*, 125 F.R.D. 121, 126

23   (M.D.N.C. 1989).

24         The testimony of a Rule 30(b)(6) designee represents the knowledge of the corporation, or in

25   this case the governmental entity, not that of the individual deponent. The entity has a duty to

26   provide a witness who is knowledgeable in order to provide "binding answers on behalf of the

27   [entity]." *Id.*, at 538, citing *Starlight International Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D.Kan.

28   1999). The entity is required to make a conscientious, good-faith effort to designate knowledgeable

persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.  *Id.*, at 539.  A Rule 30(b)(6) designee is not required to have personal knowledge about the subject matter because he is testifying about the entity's knowledge, not merely his own.  The duty to prepare a Rule 30(b)(6) designee goes beyond matters personally known to the witness, and extends to matters reasonably known by the responding party.  *Great American* also addresses information that is obtained by the designee from the entity's legal counsel. Quoting *Sprint Communications Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 529 (D.Kan. 2006), the court states that "'[w]hen a corporation produces an employee under Fed.R.Civ.P. 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through a firm's corporate lawyers.'" *Id.*, at 541.

If it becomes apparent during the deposition that the designee produced is unable to respond to relevant areas of inquiry, the responding party has a duty to designate an additional knowledgeable deponent.  *Great American*, at 540, citing *Marker*, 125 F.R.D. at 126; *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb. 1995); *Starlight*, 186 F.R.d. at 638; and *Sony v. Soundview Technologies*, 217 F.R.D. 104, 112 (D.Conn. 2002).  The failure to produce a Rule 30(b)(6) designee who is adequately educated and prepared to testify on designated topics to bind the entity amounts to a nonappearance which could also warrant the imposition of sanctions.  *Id.*, at 542, citing *Bank of New York v. Meridien Bio Bank Tanzania, Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 19917); *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993); *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996); and *Black Horse Lane Assoc. v. Dow Chemical Corp.* 228 F.3d 275, 303 (3d Cir. 2000).  The principles set forth in *Great American* have been reiterated in subsequent decisions in this and other districts.  *See Federal Trade Com'n v. AMG Services, Inc.*, 2015 WL 5097526, *7-8 (D.Nev. August 28, 2015); *Federal Deposit Ins. Corp. v. 26 Flamingo, LLC*, 2013 WL 3975006, *4 (D.Nev. August 1, 2013); and *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 687-691 (S.D.Fla. 2012).

### 1.     Motion for Sanctions (#135).

In this case, Defendant LVMPD produced documents in response to Plaintiffs' requests for production relating to the incidents that are the subject of their claims of unlawful police harassment,

9

1    citations and arrests.  Plaintiffs thereafter served Interrogatory No. 14 which asked Defendant

2    LVMPD to "[d]escribe all searches for documents undertaken in this litigation to comply with

3    Defendants' discovery obligations, including but not limited to efforts made to provide documents in

4    response to all Plaintiffs' Requests for Production to LVMPD."  Defendant LVMPD responded to

5    this interrogatory by listing the databases or physical files that were searched and briefly describing

6    the nature of the search, i.e. that the electronic database searches were performed by imputing event

7    numbers or key words or terms.  Plaintiffs did not request Defendant LVMPD to supplement its

8    answer to Interrogatory No. 14 and provide a more detailed description about the searches.  Instead,

9    Plaintiffs included Topic No. 24 in the Rule 30(b)(6) deposition notice which required Defendant

10   LVMPD to produce a designee to testify about "[a]ll searches undertaken to search for, collect and

11   produce responsive documents for this case, including: a.  Databases searched; b. Custodians

12   collected from; [and] c. Efforts, if any, to search and collect Electronically Stored Information."

13          Prior to the Rule 30(b)(6) deposition, Defendant LVMPD did not object that Topics 23 or 24

14   were vague or overbroad and there was no discussion between counsel as to what specific

15   information the designee was expected to provide on these topics.  Captain Primas's preparation for

16   the deposition on Topic 24 can be summed up as follows: He read the answer to Interrogatory No. 14

17   and he had some discussions with Defendant's litigation counsel, Ms. Smith, who told him that the

18   searches had been performed in accordance with the LVMPD's regular practices or protocols.[3]  In

19   regard to Topic 23, Defendants' counsel apparently told Captain Primas that preservation instructions

20   were given to the appropriate personnel.  In essence, Defendant LVMPD and Captain Primas made no

21   effort to obtain information beyond what was provided in the answer to Interrogatory No. 14.

22          While the Court agrees with Defendant that Topics 23 and 24 were somewhat vague and

23   overbroad, Defendant did not object to the topics prior to the deposition.  It should have been

24   reasonably obvious to Defendant, however, that Plaintiffs were seeking more detailed and specific

25   information about how the document searches were conducted and the efforts made to preserve

26   relevant evidence.  To the extent that Defendant was unclear about what was expected, it should have

27

28          [3]As discussed, Captain Primas was able to testify regarding his own search of the IA Pro database.

10

1  sought clarification from Plaintiffs prior to the deposition.  It was not reasonable to produce a

2  deponent who was clearly unprepared to testify in an informed manner about how the searches were

3  conducted or what actual efforts were made to preserve relevant evidence.  Because Defendant

4  LVMPD and Captain Primas did not conduct any reasonable investigation to prepare for Topics 23

5  and 24, it is unknown whether Defendant can, in fact, show that reasonable and thorough searches

6  were conducted and that reasonable steps were taken to preserve relevant evidence.  The Court

7  therefore concludes that Defendant LVMPD violated its duty to produce a knowledgeable designee to

8  fully and unevasively answer questions about Topics 23 and 24.

9        Defendant argues that it should not be required to produce another designee regarding Topics

10  23 and 24 because there is no evidence that Defendant LVMPD failed to preserve evidence or failed

11  to conduct reasonable searches to locate and produce relevant documents and information.  Defendant

12  argues that a deposition on Topics 23 and 24 is nothing more than a "fishing expedition" that is not

13  proportional to the needs of the case under revised Rule 26(b).  The Court would be more receptive to

14  this argument if Defendant LVMPD had objected to Topics 23 and 24 prior to the deposition, or had

15  made an effort to produce a deponent who was arguably adequately informed about Defendant's

16  searches and its efforts to preserve evidence.  Defendant, however, did neither.  Under these

17  circumstances, the Court concludes that Plaintiffs are entitled to depose a representative of LVMPD

18  on Topics 23 and 24 who is fully and reasonably prepared to testify on those topics.

19        Defendant has suggested that it would be unduly burdensome to require Captain Primas or

20  another designee to interview all of the custodians regarding their preservation or search efforts and

21  then testify about what they tell him.  This may not be necessary if the custodians or others kept

22  adequate notes or prepared memoranda regarding these matters.  In any event, the Court assumes that

23  as a trained police officer and supervisor, Captain Primas is fully capable of conducting an efficient

24  and adequate investigation into these matters and preparing to testify about them at deposition.

25  Plaintiffs are entitled to determine through the deposition whether Defendant can, in fact, document

26  or verify that adequate preservation and search efforts were made.

27        Because Defendant LVMPD did not make a reasonable, good faith effort to produce an

28  adequately informed designee to testify on Topics 23 and 24, sanctions pursuant to Fed.R.Civ.P.

37(d) are justified.  It is a sufficient sanction in this instance to order Defendant to pay Plaintiffs' reasonable expenses, including attorney's fees, incurred in pursuing its Motion (#135).

### 2.    Motion to Compel (#136).

Plaintiffs served their Fourth Amended Notice of Rule 30(b)(6) Deposition on January 19, 2016 which included as Topic 1 the FRCP 30(b)(6) witness previously identified by Defendant LVMPD in their Rule 26(a) disclosures.  Approximately one month after Plaintiffs served their Fourth Amended Notice of Rule 30(b)(6) Deposition on January 19, 2016, Defendant amended its Rule 26(a) disclosures and deleted its FRCP 30(b)(6) witness.  Defendant's counsel did not inform Plaintiffs' counsel at that time that it would not be producing a deponent on Topic 1.  Defendant's counsel did not inform Plaintiffs' counsel of this until March 14, 2016, the first day of the Rule 30(b)(6) depositions. *Motion (#136), Declaration of Plaintiffs' Counsel, pg. 3*, ¶ 14.  Arguably, Plaintiffs' counsel could have "put two-and-two together" when she received Defendant's amendment of its Rule 26(a) disclosures.  Absent specific notification by Defendant that it would not produce a deponent on Topic 1, however, Plaintiff's counsel was reasonably entitled to believe that a designee would testify on that topic.

Plaintiffs attempted to remedy this situation by serving revised Rule 30(b)(6) deposition notices on May 18th and 23rd.  Although Defendant objected to these notices as untimely, it was Defendant's failure to timely notify Plaintiffs that it would not produce a deponent on Topic 1 that caused Plaintiffs to attempt to schedule this revised deposition on such short notice.  Based on these circumstances, Plaintiffs are reasonably entitled to obtain discovery from Defendant LVMPD regarding its defenses in this action.

Federal district courts have been divided on whether a Rule 30(b)(6) deposition is an appropriate discovery vehicle where the subject matter of the topic calls for non-lawyers to testify about the party's legal position or analysis such that the information could be better obtained through contention interrogatories.  *U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 435 (D.Nev. 2006).  The court quoted the statement in *Security Ins. Co. of Hartford v. Trustmark Ins.*, 218 F.R.D. 29, 34 (D.Conn. 2003) that '[i]t is of no consequence that contention interrogatories may be the more appropriate route to obtain the information as nothing precludes a deposition either in lieu of or in

conjunction with such interrogatories." As the court in *U.S. E.E.O.C.* stated, however, other courts have required a party to serve contention interrogatories in lieu of a Rule 30(b)(6) deposition where the topic requires the responding party to provide its legal analysis on complex issues. This is particularly true in patent infringement actions. *See TV Interactive Data Corp. v. Sony Corp.*, 2012 WL 1413368, *2 (N.D. Cal. August 23, 2012). The general statement in *Security* regarding a party's right to pursue less efficient or duplicative discovery avenues can no longer be justified under amended Rule 26(b) given its greater emphasis on the need for proportionality in discovery. *See Roberts v. Clark Co. School District*, 312 F.R.D. 594, 602-604 (D.Nev. 2016) (analyzing the purpose of the 2015 amendment to Rule 26(b)). Where responsive information can be provided more accurately and with less burden through one method of discovery, that method should be used. Duplicative discovery methods should be avoided.

Defendants have alleged several affirmative defenses in their answer, such as qualified immunity, discretionary function, and failure to exhaust administrative remedies, that require legal analysis to adequately answer questions relating to the basis for those defenses. It would be inefficient to require Defendant to attempt to "train-up" a non-lawyer to testify about these matters at deposition. The Court will therefore authorize Plaintiffs to serve contention interrogatories relating to Defendants' defenses in this action.

## CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Sanctions Pursuant to Fed.R.Civ.P. 37(d) (#135) is **granted**, as follows:

1.      Within thirty (30) days of the date of this order, Defendant LVMPD shall produce a designee who has been adequately prepared to fully and responsively testify on Topics 23 and 24 of Plaintiffs' Fourth Amended Notice of Taking Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) to Las Vegas Metropolitan Police Department. To the extent available, Defendant's designee should review documents regarding Defendant's searches for documents responsive to Plaintiffs' discovery requests and Defendant's efforts to preserve relevant evidence. To the extent necessary, Defendant's designee should obtain information from the individuals who actually performed the searches and undertook to

1   preserve evidence in order to testify knowledgeably about those matters at deposition.

2       2.    Plaintiffs are awarded their reasonable expenses, including reasonable attorney's fees,

3   incurred in preparing, filing and litigating Motion (#135).

4       3.    Counsel for Plaintiffs shall, no later than 15 days from entry of this order, serve and

5   file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees

6   and costs incurred in the motion addressed in this order.  The memorandum shall provide a

7   reasonable itemization and description of the work performed, identify the attorney(s) or other staff

8   member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such

9   work, and the experience, reputation and ability of the attorney performing the work.  The attorney's

10  affidavit shall authenticate the information contained in the memorandum, provide a statement that

11  the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

12      4.    Counsel for Defendant shall have 15 days from service of the memorandum of costs

13  and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the

14  costs and fees sought, and any equitable considerations deemed appropriate for the court to consider

15  in determining the amount of costs and fees which should be awarded.

16      5.    Counsel for Plaintiffs shall have 11 days from service of the responsive memorandum

17  in which to file a reply.

18      **IT IS HEREBY FURTHER ORDERED** that Plaintiffs' Motion to Compel Discovery

19  (#136) is **granted** as follows:

20      1.    Plaintiffs may serve upon Defendants contention interrogatories regarding the factual

21  and legal basis for Defendants' defenses.  The interrogatories shall be served on or before fourteen

22  (14) days from the date of this Order.  Responses shall be due as provided in the Federal Rules of

23  Civil Procedure.

24      2.    The Court will not award expenses to Plaintiff with respect to Motion (#135).

25      DATED this 9th day of May, 2016.

27  GEORGE FOLEY, JR.
    United States Magistrate Judge

14