1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRIAN BALLENTINE, *et al.*,                    )
                                               )
              Plaintiffs,                      )          Case No. 2:14-cv-01584-APG-GWF
                                               )
vs.                                            )          **ORDER**
                                               )
LAS VEGAS METROPOLITAN POLICE                  )
DEPARTMENT, *et al.*,                          )
                                               )
              Defendants.                      )
_____)

   This matter is before the Court on Defendant LVMPD's Motion for Reconsideration (ECF No. 152) and Renewed Motion for Protective Order (EFC No. 153), filed on May 16, 2016. Plaintiffs filed their Response (ECF No. 158) on June 9, 2016 and Defendant filed its Reply (ECF No. 160) on June 23, 2016.

**BACKGROUND AND DISCUSSION**

   On May 9, 2016, the Court entered Order (EFC No. 150) which granted Plaintiffs' motion for sanctions (ECF No. 135) and motion to compel (EFC No. 136).  Plaintiff's motion for sanctions argued that Defendant LVMPD failed to produce an adequately prepared Rule 30(b)(6) deponent on the following deposition topics:

   23.   Efforts made, if any, to preserve evidence regarding the facts alleged in
         Plaintiffs' Complaint.

   24.   All searches undertaken to search for, collect, and produce
         responsive documents for this case, including:

         a.   Databases searched;

         b.   Custodians collected from;

         c.   Efforts, if any, to search and collect Electronically
              Stored Information.

The court found that Defendant LVMPD's designated witness, Captain Primas, was not adequately prepared to testify on these topics.  The court therefore ordered Defendant LVMPD to produce a properly prepared deponent and also awarded Plaintiffs their reasonable attorney's fees in connection with the motion for sanctions.  In support of its order, the court stated that "[p]rior to the Rule 30(b)(6) deposition, Defendant LVMPD did not object that Topics 23 or 24 were vague or overbroad and there was no discussion between counsel as to what specific information the designee was expected to provide on these topics."[1] *Order (ECF No. 150), pgs 10-11.*

Defendant LVMPD, however, did object to topics 23 and 24 as unduly burdensome in its motion for protective order filed on October 29, 2015.  Defendant stated that "[a] witness can be prepared to testify about the general manner in which documents are searched and obtained; however, it would be unduly burdensome for a witness to determine how 'All Searches' were undertaken in obtaining discoverable documents in this case."  *Motion for Protective Order (ECF No. 83), pgs 18-19.*  Although the court ruled on Defendant's objections to several other topics, it did not rule on Defendant's objection to topics 23 and 24.  Plaintiff subsequently re-noticed the Rule 30(b)(6) deposition which still included topics 23 and 24.  Captain Primas thereafter testified in regard to these topics as summarized in Order (ECF No. 150).

"A motion to reconsider must provide a court with valid grounds for reconsideration by: (1) showing some valid reason why the court should reconsider its prior decision and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D.Nev. 2003).  "'Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Id.*,

---

[1]The order was based on the following assertion in Plaintiffs' reply brief in support of their motion for sanctions:  "Moreover, to the extent that LVMPD had any questions regarding the noticed topic, it had an obligation to request clarification. . . . LVMPD never objected to this discovery topic, and never requested clarification.  Thus, it cannot now excuse its failure to prepare its 30(b)(6) witness by complaining about the content or form of Plaintiff's timely noticed deposition topic."  *Reply (ECF No. 148), pgs 7-8.*

1  quoting *School Dist. No. IJ, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

2  *See also McGowan v. Credit Management, LP*, 2015 WL 1886706, *3 (D.Nev. Apr. 23, 2015).

3  The decision to impose monetary sanctions on Defendant LVMPD was based in part on the court's

4  erroneous belief that Defendant did not object to or seek clarification of topics 23 or 24 prior to the

5  deposition.  Given that Defendant's motion for protective order sought to preclude or clarify

6  testimony on these topics, it would be manifestly unjust to impose monetary sanctions on Defendant

7  for failing to provide the depth of information on these topics that the court later decided should have

8  been provided.  While the court is not persuaded that Defendant's preparation for these topics was

9  reasonably adequate, it is not fair to penalize Defendant when it sought a ruling from the court on the

10 topics and the court failed to provide it. The award of monetary sanctions against Defendant LVMPD

11 in Order (EFC No. 150) is therefore rescinded.

12      Defendant LVMPD also asks the court to reconsider its order requiring Defendant to produce

13 an adequately prepared witness on topics 23 and 24, and to instead grant its renewed motion for

14 protective order to preclude further testimony on these topics.  First, Defendant asserts that there is

15 no evidence that the LVMPD failed to preserve, search for and produce relevant records in response

16 to Plaintiffs' requests for production of documents.  Second, Defendant argues that because the

17 searches were conducted or supervised by its legal counsel, information regarding the specifics of

18 how the searches were conducted is protected by the attorney-client privilege or work product

19 doctrine.  Third, Defendant argues that the order requires it to perform an unduly burdensome

20 retrospective review of searches performed during discovery and requires the deponent to memorize

21 or attempt to memorize voluminous and detailed information about searches conducted by other

22 individuals, some of whom are now retired. *Motion (ECF No. 153), pg. 5*, citing *Romero v. Allstate*

23 *Ins. Co.*, 271 F.R.D. 96, 100 (E.D.Pa. 2010).

24      Defendant LVMPD appears to assume that its representations that its databases were

25 searched and responsive documents were produced should have been accepted by Plaintiffs without

26 further inquiry.  Plaintiffs, however, were entitled to obtain basic information sufficient to determine

27 whether searches were reasonably conducted and the results properly verified.  Defendant's answer

28 to Interrogatory No. 14 did not provide such information and it was therefore proper for Plaintiffs to

3

1  inquire further into these matters through the Rule 30(b)(6) deposition.  The fact that Plaintiffs did
2  not have evidence that specific documents were destroyed or withheld did not preclude such a basic
3  inquiry.[2]

4         Defendant LVMPD's assertion that the manner in which the searches were conducted or
5  verified is protected from discovery by the attorney-client privilege or attorney work product doctrine
6  is without merit.  The attorney-client privilege protects from disclosure confidential communications
7  regarding legal advice provided by an attorney to the client.  *United States v. Graf*, 610 F.3d 1148,
8  1156 (9th Cir. 2010).  The attorney work product doctrine protects from disclosure documents or
9  things prepared in anticipation of litigation.  Although a party may obtain work product information
10 based on a showing of substantial need, the mental impressions or legal theories of the party's
11 counsel are protected from disclosure.  *SEC v. Roberts*, 254 F.R.D. 371 , 374 (N.D.Cal. 2008).
12 Deposition topics 23 and 24 do not seek disclosure of confidential legal advice provided to LVMPD
13 by its attorney.  Nor do they seek the mental impressions or legal theories of Defendant's counsel.
14 Rather, they inquire into the facts and circumstances relating to the reasonableness and adequacy of
15 LVMPD's searches of its databases for relevant documents.  The fact that LVMPD's attorney(s)
16 conducted or supervised the searches does not protect such non-privileged information from
17 disclosure.

18        The Court rejects the argument that topics 23 and 24, or Order (EFC No. 150), place an
19 undue burden on Defendant LVMPD or unreasonably require its designated witness to memorize or
20 attempt to memorize voluminous and detailed information about searches conducted by other

21

22        [2]Plaintiffs' Interrogatory No. 14 asked Defendant to:

23

24        Describe all searches for documents undertaken in this litigation to comply with
          Defendants' discovery obligations, including but not limited to efforts made to
25        provide documents in response to all Plaintiffs' Requests for Production to
          LVMPD.  In your response, please identify all databases, computers, and other
26        sources that were searched for electronically stored information.

27        *Motion (#135), Exhibit 2.*

28

4

1   individuals.  As Defendant's Motion for Reconsideration (EFC No. 152), at pages 9-10,

2   demonstrates, Defendant was fully capable of providing reasonably detailed information as to how

3   the searches were conducted and the results verified.  If this information had been included in

4   Defendant's answer to Interrogatory No. 14, a Rule 30(b)(6) deposition on topics 23 and 24 might

5   have been unnecessary.  Certainly, a Rule 30(b)(6) witness can be provided with a written summary

6   of the same information in order to provide testimony on behalf the Defendant, without requiring the

7   witness to memorize voluminous facts of which he or she has no personal knowledge.  Whether

8   Captain Primas is the best witness to present this information on behalf of the LVMPD is

9   Defendant's choice.

10          In the court's view, it may be sufficient for Defendant to provide the information set forth at

11  pages 9 and 10 of its motion for reconsideration in a verified supplemental answer to Interrogatory

12  No. 14.  The information appears to be a reasonably detailed factual explanation of how the searches

13  were performed and the search results verified.  Defendant can also meet its obligation under Rules

14  26 and 30(b)(6) by producing a witness who is prepared to testify under oath that based on

15  reasonable inquiry by Defendant, the searches were conducted and verified in the manner as

16  described in Defendant's motion for reconsideration. The Court gives Plaintiffs the option of

17  whether they will accept a supplemental answer to Interrogatory No. 14 or require Defendant to

18  produce a Rule 30(b)(6) witness to testify.  If Plaintiffs' counsel believes that there is any additional

19  information that reasonably can and should be provided at the deposition, then she should notify

20  Defendant's counsel of the nature of the additional requested information prior to the deposition.  If

21  Defendant can provide the additional information without undue effort, then it should do so.[3]

22          Defendant has failed to present any grounds to reconsider Order (ECF No. 150) as it relates

23  to Plaintiff's Motion to Compel (ECF No. 136).  In lieu of a further Rule 30(b)(6) deposition on

24  topic 2, the court authorized Plaintiff to serve contention interrogatories regarding Defendant's

25

26          [3]Motion practice regarding this issue could have been avoided initially if the parties' attorneys had
27  reasonably and adequately conferred in a good faith effort to resolve the dispute.  Although the court has
    rescinded its previous monetary sanction order against Defendant, it reserves the authority to sanction either
28  party for unreasonable and unnecessary litigation conduct in accordance with Rule 37.

5

affirmative defenses.  The court's error with respect to Defendant's objections to topics 23 and 24 has nothing to do with its order on topic 2.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant LVMPD's Motion for Reconsideration (ECF No. 152) and Renewed Motion for Protective Order (EFC No. 153) are **granted** in part and **denied** in part as follows:

1. The award of monetary sanctions against Defendant is rescinded.

2. Defendant shall produce a Rule 30(b)(6) witness to testify regarding topics 23 and 24 consistent with the provisions of this order.  Alternatively, at Plaintiffs' option, Defendant may serve a verified supplemental answer to Interrogatory No. 14 containing the information set forth at pages 9 and 10 of its motion for reconsideration.

3. Defendant's motion for reconsideration with respect to Plaintiffs' Motion to Compel (EFC No. 136) is denied.

4. Defendant shall comply with the requirements of this order by July 20, 2016 unless the time for compliance is further extended by order of the court.

DATED this 5th day of July, 2016.

GEORGE FOLEY, JR.
United States Magistrate Judge