UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN BALLENTINE, *et al.*, <br><br>    Plaintiffs, <br><br>vs. <br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, <br><br>    Defendants. | Case No. 2:14-cv-01584-APG-GWF <br><br> **ORDER** |

This matter is before the Court on Defendants' Motion for Leave to File Under Seal (ECF No. 173), filed on December 9, 2016.

There is generally "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Where a petitioner seeks to seal documents or exhibits that are dispositive in nature, the petitioner must meet the higher standard of showing "compelling reasons" for the documents to be sealed. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 n. 4 (9th Cir.2009); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006). The Court applies the higher "compelling reasons" standard to dispositive motions, rather than the "good cause" standard, because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events." *Dish Network L.L. C. v. Sonicview USA, Inc.*, 2009 WL 2224596, *6 (S.D.Cal. July 23,2009) (citing *Kamakana*, 447 F.3d at 1179).

To meet the compelling reasons standard, the moving party "must overcome a strong presumption of access by showing that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Dish Network*

*L.L.C.,* 2009 WL 2224596 at *7 (citing *Pintos*, 565 F.3d at 1116); *see also Kamakana*, 447 F.3d at 1179–80. "Under the 'compelling reasons' standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate a factual basis for its ruling without relying on hypothesis or conjecture." *Id.* "Relevant factors include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.*

Defendants assert that portions of their motion for summary judgment along with Exhibits FF and GG should be filed under seal because they discuss Plaintiff's medical conditions, which have been deemed confidential pursuant to the stipulated protective order. The Court finds that Defendants have provided compelling reasons to justify an order sealing portions of Defendants motion for summary judgment along with Exhibits FF and GG. However, Defendants filed their motion for summary judgment, in its entirety, under seal. Because only certain portions of the motion for summary judgment contain confidential information, Defendants shall file a redacted version on the public record. Exhibits FF and GG shall remain filed under seal. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File Under Seal (ECF No. 173) is **granted**.

DATED this 12th day of December, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge