# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN BALLENTINE, *et al.*, | )  |
|  Plaintiffs, | ) Case No. 2:14-cv-01584-APG-GWF |
| vs. | ) **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | ) |
|  Defendants. | ) |

This matter is before the Court on Plaintiffs' Motion to Seal (ECF No. 195), filed on January 31, 2017.

There is generally "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Where a petitioner seeks to seal documents or exhibits that are dispositive in nature, the petitioner must meet the higher standard of showing "compelling reasons" for the documents to be sealed. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 n. 4 (9th Cir.2009); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006). The Court applies the higher "compelling reasons" standard to dispositive motions, rather than the "good cause" standard, because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events." *Dish Network L.L. C. v. Sonicview USA, Inc.*, 2009 WL 2224596, *6 (S.D.Cal. July 23,2009) (citing *Kamakana*, 447 F.3d at 1179).

To meet the compelling reasons standard, the moving party "must overcome a strong presumption of access by showing that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Dish Network*

*L.L.C.,* 2009 WL 2224596 at *7 (citing *Pintos*, 565 F.3d at 1116); *see also Kamakana*, 447 F.3d at 1179–80. "Under the 'compelling reasons' standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate a factual basis for its ruling without relying on hypothesis or conjecture." *Id.* "Relevant factors include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.*

Plaintiffs assert that three exhibits attached to their response to Defendant's motion for summary judgment contain confidential medical information that has been deemed confidential pursuant to the stipulated protective order and should therefore be filed under seal. Specifically, Exhibit 20 is Plaintiff Ballentine's medical records from the Olympia Free Clinic, Exhibit 21 is Plaintiff Ballentine's medical records from Behavioral Health Resources and Exhibit 22 is Plaintiff Ballentine's medical records from Valley View Health Center. Upon review, the Court finds that Plaintiffs have provided compelling reasons to justify sealing Exhibits 20, 21 and 22 as well as the portions of Plaintiffs' response that references these Exhibits. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Seal (ECF No. 195) is **granted**.

DATED this 15th day of February, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge