# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN BALLENTINE, *et al.*, | Case No. 2:14-cv-01584-APG-EJY |
| Plaintiffs, | |
| v. | **ORDER ON MOTION FOR RE-TAXATION OF COSTS** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | [ECF No. 248] |
| Defendants. | |

The Clerk of Court taxed $33,094.40 in costs against the plaintiffs. ECF Nos. 246, 247. The plaintiffs now move for re-taxation of those costs. ECF No. 248.  Because this case involved important constitutional issues, the plaintiffs have limited financial means, there is an economic disparity among the parties, and a large cost award would chill future litigation, I will grant the motion to re-tax costs in part.

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).

> Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. . . . This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis.

*Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (internal quotations and citations omitted).

The plaintiffs filed this suit to vindicate their alleged First Amendment right to write messages critical of law enforcement in chalk on public sidewalks.  At the time the case was filed, there was scant caselaw addressing political chalking and the liability of law enforcement officers for arresting citizens engaged in such activity.  While this case was pending on appeal, the Supreme Court of the United States issued its decision in *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019).  The Court held that probable cause for an arrest will generally defeat a retaliatory arrest claim, but that a "narrow qualification" could exist.  In addition, the Ninth Circuit issued a split decision in an unpublished case, *Bini v. City of Vancouver*, 745 Fed. App'x 281 (9th Cir. 2018), which discussed the confusion in Ninth Circuit caselaw on that issue.  This confirms that the issues in this case were close, difficult, substantial, and of public importance. *Escriba*, 743 F.3d at 1247–48.

The plaintiffs detail their limited financial resources in their motion and the defendants do not dispute that.  Nor do the defendants dispute the obvious significant economic disparity between the plaintiffs and the defendants.  Finally, imposing a large cost award against the plaintiffs could chill future litigants from pursuing vindication of important rights and freedoms in the court.  I therefore will re-tax the costs and award the defendants $1,322.00 in costs ($505.00 for filing fees, $391.00 for service of summons and subpoena, and $426.00 for transcripts). *See* ECF No. 246.

I THEREFORE ORDER that the plaintiffs' motion to re-tax costs **(ECF No. 248) is granted in part.**  I award the defendants $1,322.00 in costs against the plaintiffs, which shall be included in the judgment.

DATED this 4th day of March, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE